Paulette M. THOMAS, Plaintiff,

v.

WESTCHESTER COUNTY HEALTH CARE CORPORATION and Westchester Medical Center, Defendants.

No. 02 Cv. 1653(VM).

United States District Court,
S.D. New York.

Nov. 21, 2002.

274

Michael J. D'Angelo, Saul D. Zabell, Frank & Breslow, Farmingdale, NY, for Plaintiff.

Barbara F. Kukowski, Office of General Counsel, Hawthorne, NY, for Defendants.

## DECISION AND ORDER

MARRERO, District Judge.

Plaintiff Paulette Thomas ("Thomas") filed a complaint (the "Complaint") alleging that defendants Westchester County Health Care Corporation ("WCHCC") and Westchester Medical Center ("WMC," and together with WCHCC, the "Defendants") (i) discriminated against her on the basis of her gender, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and (ii) retaliated against her for filing a sexual harassment claim, in violation of Title VII. Thomas also filed two identical claims under the New York State Human Rights Law, N.Y. Executive Law § 296 ("NYSHRL"). Defendants in turn filed a motion pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure to dismiss Thomas's Complaint in its entirety. For the reasons set forth below, the motion is GRANTED.

## I. STANDARD OF REVIEW

### A. *MOTION TO DISMISS*

A district court may grant a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) only if it appears beyond doubt that the non-moving party could prove no set of facts that would entitle it to relief. *See Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); *Valmonte v. Bane,* 18 F.3d 992, 998 (2d Cir.1994). On a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), a court accepts all well-pleaded factual assertions in the complaint as true and draws all inferences in favor of the plaintiff. *See Hishon,* 467 U.S. at 73, 104 S.Ct. 2229; *see also McGinty v. State of New York,* 193 F.3d 64, 68 (2d Cir.1999).

A recent Supreme Court ruling in *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002), further instructs that in order to survive a Rule 12(b)(6) motion, a complaint in an employment discrimination case need only include a simple statement showing that the pleader is entitled to relief and giving the defendant fair notice of what the claim is and the grounds upon which it rests. *See id.* at 512–13, 122 S.Ct. 992. While the Supreme Court did not require a plaintiff to plead a prima facie case of discrimination, it did note that a court may dismiss a complaint "'if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Id.* at 514, 122 S.Ct. 992 (quoting *Hishon*, 467 U.S. at 73, 104 S.Ct. 2229).

When considering a motion to dismiss, the Court's review is confined to the pleadings themselves, with a few well-established exceptions. To go beyond the allegations in the Complaint would convert the Rule 12(b)(6) motion to dismiss into one for summary judgment pursuant to Fed. R.Civ.P. 56. *See Friedl v. City of New York*, 210 F.3d 79, 83–84 (2d Cir.2000). At this stage of the proceedings in the instant case, the Court declines to convert the motion. Nevertheless, the Court's consideration of documents attached to, or incorporated by reference in the Complaint, and matters of which judicial notice may be taken, would not convert the motion to dismiss into one for summary judgment. *See Leonard F. v. Israel Discount Bank of New York*, 199 F.3d 99, 107 (2d Cir.1999); *see also Intermedics v. Ventritex*, 775 F.Supp. 1258, 1261 (N.D.Cal.1991) (when ruling on a Rule 12(b)(6) motion, a district court may take judicial notice of, among other things, "records and reports of administrative bodies ...."). Documents that are integral to plaintiff's claims may also be considered, despite plaintiff's failure to attach them to the complaint. *See Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 46–48 (2d Cir.1991) *cert. denied*, 503 U.S. 960, 112 S.Ct. 1561, 118 L.Ed.2d 208 (1992).

## B. TREATMENT OF EXHIBITS

■ As a threshold matter, the Court must decide the proper treatment of certain exhibits submitted by the Defendants in connection with their motion to dismiss. Specifically, the Defendants have attached a portion of the transcript from the disciplinary hearing (the "Transcript") brought against Thomas pursuant to Section 75 of the New York State Civil Service Law, *see* N.Y. Civil Service Law § 75 (McKinney 1999) (the "Civil Service Law"), and a Report of the Impartial Hearing Officer (the "Report") that resulted from the hearing. While the material from this hearing is briefly mentioned in Thomas's Complaint, it is not annexed as an exhibit thereto.

In considering a motion to dismiss, the Court may consider documents attached as an exhibit thereto or incorporated by reference, *see* Fed.R.Civ.P. 10(c); *De Jesus v. Sears, Roebuck & Co., Inc.*, 87 F.3d 65, 69 (2d Cir.1996), documents that are "integral" to plaintiff's claims, even if not explicitly incorporated by reference, *Cortec Indus., Inc.*, 949 F.2d at 46–48, and matters of which judicial notice may be taken. *See Allen v. WestPoint–Pepperell, Inc.*, 945 F.2d 40, 44 (2d Cir.1991). In the instant case, Thomas did not attach the Transcript or Report as an exhibit to her Complaint, so it would not be warranted to consider the documents on that ground.

To be incorporated by reference, the Complaint must make a clear, definite and substantial reference to the documents. *See B.V. Optische Industrie de Oude Delft v. Hologic, Inc.*, 909 F.Supp. 162, 167 (S.D.N.Y.1995) ("[T]he Court concludes

that a clear and definite reference to extraneous submissions not attached to the complaint is necessary for a plaintiff to assure their consideration in a motion to dismiss."); *Halbrecht v. Prudential–Bache Properties, Inc.,* 1992 WL 336757, at *11 (D.Conn.1991) (Cabranes, J.) ("Although the Complaint includes several references to the [Confidential Private Placement Memorandum], these references are not substantial enough to constitute incorporation by reference."); *see also Goldman v. Belden,* 754 F.2d 1059, 1066 (2d Cir. 1985) ("The documents here were to some extent quoted, but limited quotation does not constitute incorporation by reference.") The Complaint refers briefly in one paragraph to the disciplinary hearing that was conducted and the resulting Report. Such a brief reference does not qualify as clear, definite or substantial.

However, Thomas bases all four claims for relief on the course of conduct in which the Defendants engaged, alleging that through such conduct Defendants discriminated against Thomas on the basis of her gender and retaliated against her on the basis of her sexual harassment complaint. Since the primary course of conduct Thomas refers to in her Complaint is the instigation of disciplinary proceedings against Thomas under the Civil Service Law and the enforcement of the punishment recommended under those proceedings, Thomas must rely on the contents of the Transcript and Report in order to explain what the actual unlawful course of conduct was on which the Defendants embarked. Consequently, these documents are integral to her Complaint, even if they are not attached as an exhibit. Because these documents are integral, because Thomas knew of and possessed them, and because there is no dispute as to their authenticity, the Court may consider them without converting the Defendants' motion to dismiss into a motion for summary judgment. *See*

*Parrino v. FHP, Inc.,* 146 F.3d 699, 705 & n. 4 (9th Cir.1998) (quoting *Pension Benefit Guaranty Corp. v. White Conosol. Indus.,* 998 F.2d 1192, 1196 (3d Cir.1993) ("Where, however, an attached document is integral to the plaintiff's claims and its authenticity is not disputed, the plaintiff 'obviously is on notice of the contents of the document and the need for a chance to refute evidence is greatly diminished.' ")); *Cortec Indus., Inc.,* 949 F.2d at 48 ("[These] were documents plaintiffs had either in its possession or had knowledge of and upon which they relied in bringing suit. It did not lack notice of those documents; these papers were integral to its complaint.").

▮ Even if the Transcript and Report were not integral, such documents could still be considered by the Court because the Court "may take judicial notice of the records of state administrative procedures, as these are public records, without converting a motion to dismiss to one for summary judgment." *Evans v. The New York Botanical Garden,* 2002 WL 31002814, at *4 (S.D.N.Y. September 4, 2002); *see also Mack v. South Bay Beer Distribs.,* 798 F.2d 1279, 1282 (9th Cir. 1986) ("[A] court may take judicial notice of 'records and reports of administrative bodies.' "), *overruled on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino,* 501 U.S. 104, 111, 111 S.Ct. 2166, 115 L.Ed.2d 96 (1991); *Morelli v. Cedel,* 1997 WL 61499, at *7 (S.D.N.Y. February 13, 1997) ("[A]lthough it is not mentioned in the complaint, I note that on February 29, 1996, the [New York State Division of Human Rights] issued a Determination and Order after Investigation which concluded that there was no probable cause to believe that Cedel engaged in an unlawful discriminatory practice.").

Here, the disciplinary hearings were brought against Thomas by Defendants under the Civil Service Law, which empowers a state employer to conduct a quasi-judicial administrative hearing on the question of a civil service employee's alleged misconduct and/or incompetence. *See* N.Y. Civ. Serv. L. § 75. As such, these hearings are proceedings of an administrative body, *see Marino v. Ameruso*, 837 F.2d 45, 47 (2d Cir.1988) (referring to Section 75 hearing as a finding of an administrative agency), and therefore subject to judicial notice. For the duration of this opinion, the Court will consider the facts described in the Transcript and Report as a part of the Complaint.

## II. FACTS

Thomas started working for WCHCC on approximately March 9, 1987 as a Senior Dental Assistant. On the evening of June 20, 2000, Thomas attended a party being held in honor of graduating residents from the WCHCC's Department of Dentistry at Tramonto's Restaurant, which is located in the town of Mount Pleasant and is not related to or within the property of the Defendants. Thomas alleges that, during a group photo, Dr. Gary Lighter, a Volunteer Adjunct in Defendants' Dental Program, grabbed and squeezed her buttocks. While the Complaint describes this as one incident in a long history of physical and sexual abuse by Dr. Lighter of Thomas, Thomas testified under oath[1] at the hearing, as recorded in the Transcript, that she had never met Dr. Lighter before that evening.

The next day, Thomas filed a formal sexual harassment complaint about the incident with WCHCC's Department of Human Resources ("DHR") and reported the incident to her immediate supervisor.[2] Employees from DHR interviewed Thomas that same day about the incident. They also interviewed witnesses whom Thomas claimed would corroborate her allegations. However, as the Report recounts, the witnesses contradicted her claims, asserting that no such incident had occurred and that Thomas had never even mentioned it to them. Based on this investigation, DHR concluded that Thomas had fabricated the allegations, which is a violation of WCHCC's sexual harassment policy. Thus, on approximately July 24, 2000, Defendants charged Thomas with misconduct under Section 75 of the Civil Service Law, alleging that she had made a false accusation of sexual harassment, knowingly provided false information in making such an allegation, and disrupted the operations of WCHCC in the process.

Based on these charges, WCHCC initiated and presided over a disciplinary hearing on August 24 and September 12, 2000 before an impartial hearing officer, who heard sworn testimony from a variety of witnesses, including Thomas. On November 10, 2000, the hearing officer issued the Report, which found Thomas guilty of making a false accusation of sexual harassment and knowingly providing false information in the course of making such an allegation. On November 28, 2000, Edward A. Stolzenberg, WCHCC's President and Chief Executive Officer, adopted the Report's findings of fact and conclusions

---

**1.** While compliance with the technical rules of evidence is not mandatory for disciplinary hearings held pursuant to N.Y. Civ. Serv. L. § 75, *see* N.Y. Civ. Serv. L. § 75(2), such hearings are generally conducted under oath, *see, e.g., Heslop v. Board of Education, Newfield Central School District*, 191 A.D.2d 875,

594 N.Y.S.2d 871, 873 (3rd Dep't 1993), as was the case with Thomas's testimony. (Transcript, p. 177.)

**2.** On July 19, 2000, Thomas also filed a police report alleging sexual abuse with the Mount Vernon Police Department.

and dismissed Thomas from her employment with WCHCC.

Thomas had filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") prior to the conclusion of the proceedings. She was issued a Right to Sue letter on December 5, 2001, and subsequently filed the Complaint now before this Court.

## III. DISCUSSION

### C. *TITLE VII CLAIMS*

Title VII was enacted by Congress in 1964 in order to ensure equality of employment opportunities for all citizens. *See Alexander v. Gardner–Denver Co.*, 415 U.S. 36, 44, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974). The statute provides that it is unlawful for an employer "to discharge any individual, or otherwise to discriminate against any individual with respect to ... compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin ...." 42 U.S.C. § 2000e–2(a)(1).

#### 1. *Gender Discrimination*

Thomas first brings a charge of gender discrimination against the Defendants, alleging that, based on her gender, the Defendants engaged in a course of conduct that resulted in the termination of her employment. To establish a prima facie case of gender discrimination, a plaintiff must show that she (1) is a member of a protected class; (2) was qualified for the position; (3) was terminated; and (4) was discharged under circumstances giving rise to an inference of discrimination. *See Veleanu v. Beth Israel Medical Center*, 2000 WL 1400965, at *3 (S.D.N.Y.2000). As discussed earlier, under the pleading standard set out in *Swierkiewicz*, Thomas need not establish a prima facie case to survive a motion to dismiss, but rather only need include "a short and plain statement of the claim showing that [she] is entitled to relief." *Swierkiewicz*, 534 U.S. at 512, 122 S.Ct. 992.

■ Applying this standard, Thomas's Complaint on the grounds of gender discrimination under Title VII fails to satisfy the *Swierkiewicz* pleading requirements. Thomas's assertions that the Defendants conducted disciplinary hearings and ultimately fired her because of her gender are devoid of any assertions of fact. Thomas does not plead any facts, such as discriminatory comments indicating gender bias, *see, e.g., Gregory v. Daly*, 243 F.3d 687, 694 (2d Cir.2001) (noting that vulgar and demeaning remarks about women could provide basis for claim of gender discrimination), or preferable treatment of men in similar circumstances, *see, e.g., Coffey v. Cushman & Wakefield, Inc.*, 2002 WL 1610913, at *2–3 (S.D.N.Y.2002) (refusing to dismiss claims of disparate treatment because of pleaded facts alleging unequal treatment of female employee as compared to her male colleagues), that could lead a reasonable trier of fact to conclude that the Defendants' decision to instigate disciplinary proceedings against Thomas gives rise to an inference of discrimination based on her gender.

Instead, the facts at hand, as set forth in the Transcript and Report, including Thomas's own sworn testimony there recorded, demonstrate that Thomas was subjected to disciplinary proceedings because Defendants and DHR concluded, after talking to several witnesses who denied having witnessed or even having heard about Thomas's allegations, that her claims of sexual harassment had been fabricated. Faced with witnesses that contradicted Thomas's accusations, DHR could reasonably have concluded that Thomas had made a false allegation and that there was a legitimate basis to pursue disciplinary

action against her. Such disciplinary action was consistent with WCHCC's sexual harassment policy, which provides that employees who make false accusations of sexual harassment can be subjected to disciplinary proceedings where their employment can be terminated. DHR's conclusion was supported by the Report issued from the proceedings, which ruled that Thomas had fabricated her allegations and submitted false information in the process. Given the record of the disciplinary hearing, in particular Thomas's statements contradicting her pleadings, the Court concludes that Thomas could prove no set of facts consistent with her allegations of gender discrimination under Title VII, even under the most generous reading of the facts in her case.

2. *Retaliation*

■ Title VII also makes it unlawful for an employer "to discriminate against any of his employees ... because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e–3(a). To establish a prima facie case of retaliation, a plaintiff must show (1) that she participated in a protected activity known to the defendant; (2) an adverse employment action that disadvantaged her; and (3) a casual connection between the protected activity and the adverse employment action. *See Quinn v. Green Tree Credit Corp.*, 159 F.3d 759, 769 (2d Cir. 1998). Thus, an employee is protected from adverse employment actions taken against her because she filed formal or informal protests of discrimination so long as she had "a good faith, reasonable belief that the underlying challenged actions of the employer violated the law." *Gregory*, 243 F.3d at 700–701 (quoting *Quinn v.*

*Green Tree Credit Corp.*, 159 F.3d 759, 769 (2d Cir.1998)). However, the employee cannot merely show that she subjectively believed her employer was engaged in unlawful employment practices, but also must demonstrate that her belief was "*objectively* reasonable in light of the facts and record presented." *Little v. United Technologies*, 103 F.3d 956, 960 (11th Cir.1997); *Sullivan–Weaver v. New York Power Authority*, 114 F.Supp.2d 240, 243 (S.D.N.Y. 2000) ("Mere subjective good faith belief is insufficient, the belief must be reasonable and characterized by *objective* good faith").

Thomas meets most of the criteria for a retaliation claim. She lodged formal complaints alleging sexual harassment to her employer, and those complaints became the basis of disciplinary proceedings against her that resulted in the termination of her employment. What this Court must decide, however, is whether Thomas has pleaded sufficient facts to indicate objectively that she could have had a good faith, reasonable belief that she was sexually harassed during the course of her employment. The Court is not so persuaded.

First, Thomas alleged in her Complaint that "throughout [her] tenure with Defendants, she was subjected to physical and sexual abuse from Dr. Lighter." (Complt. ¶ 16.) Yet, under oath during the disciplinary proceeding, Thomas admitted that she had never met Dr. Lighter before the evening of the events at issue and could never have met him because she did not work on Fridays while Dr. Lighter only worked on Fridays. (Transcript, p. 190, 206–07.) Faced with this confounding contradiction, the Court has no basis for accepting as true the vague statements in Thomas's Complaint as opposed to her sworn testimony at the disciplinary hearing. Accepting the testimony Thomas gave under oath leads to the conclusion

that Thomas's only encounter with Dr. Lighter was on the evening of the alleged sexual assault.

Based on that conclusion, Thomas could prove no set of facts to establish that such a brief incident, which was not followed by any further sexual comments or touchings, could be objectively viewed as sexual harassment in the workplace. Indeed, the incident did not occur during work hours or on work grounds, but rather after work at an off-site restaurant. Moreover, Dr. Lighter was not even a fellow employee for purposes of Title VII, but rather a volunteer in the Defendant's dental program. *See Daggitt v. United Food and Commercial Workers International Union,* 245 F.3d 981, 987 (8th Cir.2001) (noting that "without compensation, no combination of other factors will suffice to establish the relationship" of an employer and employee); *see also York v. Association of the Bar of the City of New York,* 286 F.3d 122, 126 (2d Cir.2002) (" '[T]he question of whether someone is or is not an employee under Title VII usually turns on whether he or she has received direct or indirect renumeration from the alleged employer.' ") (quoting *Pietras v. Bd. of Fire Comm'rs of the Farmingville Fire Dist.,* 180 F.3d 468, 473 (2d Cir.1999)).

■ As a general rule, sexual harassment incidents must be more than "episodic; they must be sufficiently continuous and concerted in order to be deemed pervasive." *Perry v. Ethan Allen, Inc.,* 115 F.3d 143, 149 (2d Cir.1997) (citation and internal quotation marks omitted). Isolated acts, unless sufficiently serious, do not meet the threshold of severity or pervasiveness unless such an act, by itself, can and does work a transformation of the plaintiff's workplace. *See, e.g., Howley v. Town of Stratford,* 217 F.3d 141, 154 (2d Cir.2000) (vile and sexually explicit verbal abuse of a female firefighter that challenged her competence in front of a large group that included her subordinates created a justified fear that she would be left in peril at fire scenes and thus significantly altered her work environment). While Dr. Lighter's alleged squeezing of Thomas's buttocks certainly would be vulgar and inappropriate, the Supreme Court has noted that Title VII was not designed to act as a "general civility code," *Faragher v. City of Boca Raton,* 524 U.S. 775, 778, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998), but rather to address systematic discrimination that adversely affects the employment of people on the basis of their gender. On the facts before this Court as based on Thomas's sworn testimony, one isolated incident that occurred at an after-work dinner party off-site from the actual place of employment and that was committed by a volunteer employee that Thomas had never met and would unlikely ever see again, does not fall into the category of prohibited conduct Title VII was designed to prevent, nor could it be objectively viewed as such.

Since this Court finds no reasonable basis for Thomas to believe she had a claim under Title VII, the disciplinary proceedings against Thomas cannot be viewed as retaliation, but rather as a response to her violation of WCHCC's policy against filing a false sexual harassment claim and providing false information in the process. Thomas has provided no facts that lead to a different conclusion. Indeed, to uphold Thomas's claim in the face of so little factual support would be to vitiate the portion of WCHCC's sexual harassment policy that attempts to punish those who, following a formal due process proceeding, are found to have lodged false accusations. Any person accused of making a false accusation could claim that the disciplinary proceedings were brought as retaliation, regardless of the legitimacy of the accusation. Consequently, this Court dismisses Thomas's claim of unlawful retaliation under Title VII.

While ordinarily a court considering a Rule 12(b)(6) motion to dismiss should grant leave to replead where a restatement of the claim may cure the deficiencies, here the Court finds that Thomas's Complaint, even liberally read, cannot be salvaged simply by recasting the claims. The defects in Thomas's causes of action lie in Thomas's own fundamentally contradictory statements that go to the essence of whether she can prove a set of facts that would entitle her to relief. Better pleading will not overcome the decisive damage of Thomas's sworn testimony and thus cure her defective pleadings. Thus, repleading would be futile, and such a futile request should be denied. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir.2000); *In re Independent Energy Holdings PLC Sec. Litig.*, 154 F.Supp.2d 741, 773 (S.D.N.Y.2001) ("[P]laintiffs need not be granted leave to amend where amendment would be futile.").

#### D. *NYSHRL CLAIMS*

Aside from their differing statutes of limitations, claims under Title VII and the parallel provisions of the NYSHRL require the same analysis. *See Reed v. A.W. Lawrence & Co., Inc.*, 95 F.3d 1170, 1177 (2d Cir.1996) (considering claims under Title VII in tandem with claims under NYSHRL "because New York courts rely on federal law when determining claims under the New York Human Rights Law"). As a result, the Court finds that Thomas's claims of gender discrimination and retaliation under NYSHRL fail for the same reasons as set forth in the Court's analysis of the claims under Title VII above.

#### E. *SUBJECT MATTER JURISDICTION*

Having ruled in favor of the Defendants' motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), this Court finds it unnecessary to consider Defendants' motion to dismiss the NYSHRL claim pursuant to Fed.R.Civ.P. 12(b)(1), which raises the question of whether a notice of claim should have been filed under the New York State Municipal Law § 50–e, and if so, whether this Court has the proper subject matter jurisdiction to consider a motion for leave to file a late notice of claim.

#### IV. ORDER

For the reasons set forth above, it is hereby **ORDERED** that Defendants' motion to dismiss Thomas's Complaint in its entirety is GRANTED.

The Clerk of the Court is directed to close this case.

**SO ORDERED.**