Semone **FORBES,** Plaintiff,

v.

**STATE UNIVERSITY OF NEW YORK AT STONY BROOK,** Defendant.

No. 01–CV–8148 (ADS)(ARL).

United States District Court, E.D. New York.

May 3, 2003.

Semone Forbes, Jenks, OK, Pro Se.

Attorney General of the State of New York by Assistant Attorney General Toni E. Logue, Mineola, NY, for Defendant.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

The *pro se* plaintiff Semone Forbes ("Forbes" or the "plaintiff") alleges that the defendant the State University of New York at Stony Brook ("SUNY" or the "defendant"), her former employer, discriminated against her on the basis of race, color, gender and marital status in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5 and the New York Executive Law § 291. Presently before the Court is a motion by the defendant to dismiss the amended complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) or, in the alternative, for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

## I.  BACKGROUND

### A.  The Procedural History

On July 20, 1992, the plaintiff filed a complaint with the New York State Division of Human Rights (the "NYSDHR") alleging that the defendant held her to a higher standard than other building coordinators and discriminated against her on the basis of sex, race and color in violation of the New York State Human Rights Law. On July 30, 2001, the NYSDHR issued a determination and order finding that there was no probable cause to support the plaintiff's complaint.

On August 17, 2001, the United States Equal Employment Opportunity Commission (the "EEOC") issued a "dismissal and notice of rights" (the "Notice") adopting the NYSDHR's finding. On that date, the EEOC mailed the Notice to the plaintiff. The Notice advised the plaintiff that she must file an action in federal or state court within 90 days of her receipt of the Notice or her action would be barred. The plaintiff claims that she received the Notice on September 8, 2001.

On December 3, 2001, the plaintiff filed a complaint against the defendant in the Eastern District of New York. The complaint, a three page form, alleged that: on or about January 1991, the defendant harassed the plaintiff an African American female and discriminated against her when she was employed at SUNY; the defendant created a hostile work environment for her; the defendant routinely discriminated against all women, especially African American; and the defendant retaliated against her after she complained to an unidentified individual that SUNY discriminated against all women. On December 6, 2002, the Court dismissed the complaint

on various grounds but afforded the plaintiff an opportunity to file an amended complaint. *Forbes v. Suny,* No. 01–8148, slip op. (E.D.N.Y. Dec. 6, 2002). On January 3, 2003, the plaintiff filed an amended complaint.

## B. The Facts

The facts are taken from the amended complaint. In the fall 1990 school year, the plaintiff began her studies in the Graduate School of Social Work at SUNY. From August 20, 1990 to June 1992, the plaintiff worked part-time as a building coordinator for the SUNY Division of Campus Residences. During that time, the defendant allegedly treated the plaintiff differently than other non-African American male building coordinators. In that regard, she alleges the following:

1. The defendant paid other non-African American male building coordinators the same pay despite having up to 28% less resident capacity and 30% less apartment units;

2. The defendant put the plaintiff on probation from July 1991 to June 1992 after she complained to her superiors that she and other female students were being treated unequally because of their race, ethnicity, gender and marital status;

3. Her supervisor complained of incidents in her building, such as failure to clean up debris, that he did not complain of in the buildings of non-African American males when those incidents occurred;

4. Her supervisor required her to attend functions with her residents but did not require non-African American male building coordinators to attend functions with their residents;

5. Her supervisor charged her with failure to timely submit monthly health and safety inspections but allowed non-African American male building coordinators to submit their inspections late;

6. Her supervisor required her to produce more programs and attend more committees than non-African American male building coordinators;

7. Her supervisor kept her on probation weeks following the end of her probationary period but did not treat any non-African American male building coordinators in this fashion.

The amended complaint alleges that the defendant constructively discharged the plaintiff in June 1992. A liberal reading of the amended complaint reveals the following causes of action under Title VII:(1) hostile work environment; (2) retaliation; (3) race/ethnicity discrimination; (4) gender discrimination; and (5) marital status discrimination. It also reveals the following causes of action under the New York Executive Law § 291:(a) race/ethnicity discrimination; (b) gender discrimination; and (c) marital status discrimination.

The defendant now moves to dismiss the amended complaint. First, the defendant argues that the amended complaint is time barred because the plaintiff did not file her federal complaint within 90 days of her receipt of the right to sue letter. Second, the defendant argues that the Court does not have subject matter jurisdiction over the discrimination claims based on ethnicity and marital status because these claims were not included in the NYSDHR complaint. Third, the amended complaint fails to state a claim upon which relief can be granted.

## II. DISCUSSION

### A. The Standards

#### 1. Rule 12(b)(1)

In a Rule 12(b)(1) motion, the Court may consider affidavits and other

material beyond the pleadings to resolve the jurisdictional question. *Robinson v. Gov't of Malaysia*, 269 F.3d 133, 141 n. 6 (2d Cir.2001); *Antares Aircraft, L.P. v. Fed. Republic of Nigeria*, 948 F.2d 90, 96 (2d Cir.1991), *vacated on other grounds*, 505 U.S. 1215, 112 S.Ct. 3020, 120 L.Ed.2d 892 (1992); *Exch. Nat'l Bank of Chicago v. Touche Ross & Co.*, 544 F.2d 1126, 1130 (2d Cir.1976). Under Rule 12(b)(1), the Court must accept as true all material factual allegations in the complaint but will not draw inferences favorable to the party asserting jurisdiction. *Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir.1998); *Atl. Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd.*, 968 F.2d 196, 198 (2d Cir.1992). Hearsay statements contained in affidavits may not be considered. *Kamen v. Am. Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir.1986).

### 2. Rule 12(b)(6)

A court may grant a Rule 12(b)(6) motion to dismiss for failure to state a claim only when " 'it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief.' " *Tarshis v. Riese Org.*, 211 F.3d 30, 35 (2d Cir.2000), *abrogated on other grounds*, *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002), (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). The court must accept as true all of the factual allegations set out in the complaint, draw inferences from those allegations in the light most favorable to the plaintiff, and construe the complaint liberally. *See id.* (citing *Desiderio v. National Ass'n of Sec. Dealers, Inc.*, 191 F.3d 198, 202 (2d Cir.1999)).

■ In its analysis under Rule 12(b)(6), the court "must confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Tarshis*, 211 F.3d at 39 (citing *Allen v. WestPoint–Pepperell, Inc.*, 945 F.2d 40, 44 (2d Cir.1991)). At the pleading stage, the plaintiff in an employment discrimination case must only provide a "short and plain statement" that "give[s] the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Sorema*, 534 U.S. at 512–513, 122 S.Ct. 992, 152 L.Ed.2d 1 (citing *Conley*, 355 U.S. at 47, 78 S.Ct. 99, 2 L.Ed.2d 80). This notice pleading standard expects "liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Sorema*, 534 U.S. at 512, 122 S.Ct. 992, 152 L.Ed.2d 1.

### 3. *Pro Se* Litigant

■ A *pro se* plaintiff's submissions are held " 'to less stringent standards than formal pleadings drafted by lawyers.' " *Hughes v. Rowe*, 449 U.S. 5, 9, 101 S.Ct. 173, 176, 66 L.Ed.2d 163 (1980) (per curiam) (quoting *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972)); *see also Ferran v. Town of Nassau*, 11 F.3d 21, 22 (2d Cir.1993). A court must make reasonable allowances so that a *pro se* plaintiff does not forfeit rights due to her lack of legal training. *See Traguth v. Zuck*, 710 F.2d 90, 94 (2d Cir.1983). Indeed, courts must "read the pleadings of a *pro se* plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.' " *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir.1999) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir.1994)). On the other hand, *pro se* status "does not exempt a party from compliance with relevant rules of procedural and substantive law." *Traguth*, 710 F.2d at 95 (internal quotations omitted).

## B. Subject Matter Jurisdiction

### 1. The Right to Sue Letter

■ Upon receipt of a right to sue letter, a plaintiff has 90 days to file an action in federal court. 42 U.S.C. § 2000e–5(f)(1); *Sherlock v. Montefiore Med. Ctr.* 84 F.3d 522, 525 (2d Cir.1996). The amended complaint alleges that the plaintiff received the right to sue letter on September 8, 2001. Since she filed her federal action on December 3, 2001, she has complied with the 90 day limitations period. *See Abidekun v. New York City Transit Auth.,* No. 93–5600, 1998 WL 296372, *3 (E.D.N.Y. June 4, 1998) (stating that where the plaintiff never received the "right to sue" letter the 90–day period begins to run on the date she received actual notice of that limitation period).

The defendant argues that the limitations period should begin earlier than the date that the plaintiff actually received the right to sue letter because had she provided the NYSDHR or the EEOC with her change of address, she would have received the letter earlier. The plaintiff responds that the EEOC sent the right to sue letter to a non-existent address and this was not her fault. In its reply memorandum, the defendant concedes that it cannot verify the plaintiff's assertion because it has not yet received the plaintiff's NYSDHR file and the plaintiff's EEOC file was destroyed in the World Trade Center on September 11, 2001. Because the defendant offers no opposition to the plaintiff's contention that the EEOC sent the right to sue letter to a non-existent address and the plaintiff filed her federal action within 90 days of her receipt of the letter, the defendant's argument is rejected. Accordingly, the motion to dismiss for lack of subject matter jurisdiction is denied.

### 2. Exhaustion of Administrative Remedies

■■ "[C]laims that were not asserted before the EEOC may be pursued in a subsequent federal court action if they are 'reasonably related' to those that were filed with the agency." *Shah v. New York State Dep't of Civil Serv.,* 168 F.3d 610, 614 (2d Cir.1999). The Second Circuit has recognized "that EEOC charges frequently are filled out by employees without the benefit of counsel and that their primary purpose is to alert the EEOC to the discrimination that a plaintiff claims she is suffering ... [and] have allowed claims not raised in the charge to be brought in a civil action where the conduct complained of would fall within the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Butts v. City of New York Dep't of Housing,* 990 F.2d 1397, 1402 (2d Cir.1993) (internal quotations omitted), *superseded by statute on other grounds as stated in Hawkins v. 1115 Legal Serv. Care,* 163 F.3d 684 (2d Cir.1998).

■ In her NYSDHR complaint, the plaintiff alleged that she was held to a higher standard than other building coordinators; that other black women had applied for jobs unsuccessfully; and that the defendant discriminated against her during her employment as a building coordinator on the basis of sex, race and color. The ethnicity and race claims are reasonably related because they are essentially the same claim. They both allege discrimination based upon membership in a minority group. As such, it is reasonable to believe that both claims would fall within the scope of the EEOC investigation. However, the marital status claim is not reasonably related to the claims made before the NYSDHR. The NYSDHR complaint does not mention discrimination based on marital status. Nor is there any

reason to expect this claim would fall within the scope of the EEOC investigation. Accordingly, the motion to dismiss the marital status claim, not the ethnicity claim, is granted.

## C. Failure to State a Claim for Relief

### 1. Title VII

#### a. Hostile Work Environment

In order to establish a claim of hostile work environment, the plaintiff must show that the workplace was "permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment." *Torres v. Pisano*, 116 F.3d 625, 630–31 (2d Cir.1997) (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993)). The defendant argues that the hostile work environment claim under Title VII must be dismissed because the plaintiff has not set forth sufficient allegations to establish her claim.

At the pleading stage, the plaintiff need not establish a *prima facie* case of discrimination, *see Sorema*, 534 U.S. at 512, 122 S.Ct. 992, 152 L.Ed.2d 1. Rather, she must allege facts, which give fair notice of her claim and the grounds upon which it rests. *Id.* The amended complaint alleges that the defendant treated her differently than other non-African American male building coordinators. It gives specific dates and incidents of alleged discrimination, the names of the individuals who treated her differently and details the events leading to her alleged constructive discharge. These allegations give the defendant fair notice of the hostile work environment claim and the grounds upon which it rests.

#### b. Retaliation

In order to establish a *prima facie* case of retaliation under Title VII, the plaintiff must show (1) she took part in a Title VII protected activity; (2) the employer knew that the plaintiff took part in that activity; (3) the employer acted adversely toward the plaintiff; and (4) the plaintiff's protected activity is causally connected to the adverse action taken by her employer. *Gordon v. New York City Bd. of Educ.*, 232 F.3d 111, 116 (2d Cir.2000) (citing *Cosgrove v. Sears, Roebuck & Co.*, 9 F.3d 1033, 1039 (2d Cir.1993)). An internal complaint of discrimination to management is a protected activity for purposes of a retaliation claim under Title VII. *See Kotcher v. Rosa and Sullivan Appliance Ctr., Inc.*, 957 F.2d 59, 65 (2d Cir.1992). The defendant argues that the retaliation claim under Title VII must be dismissed because the plaintiff has not set forth sufficient allegations to establish her claim.

As noted above, the plaintiff need only give fair notice of the retaliation claim and the grounds upon which it rests. The amended complaint alleges that the plaintiff complained of her unequal treatment to the defendant's Affirmative Action Officer and its Director of Residential Programs and that as a result of those complaints the defendant put her on probation. It alleges the specific dates that she complained to these individuals and the duration of her probation. These allegations give the defendant fair notice of the retaliation claim and the grounds upon which it rests.

#### c. Race Discrimination

In order to establish a *prima facie* case of race discrimination under Title VII, the plaintiff must show (1) membership in a protected class; (2) satisfactory job performance; (3) an adverse employment action; and (4) the adverse employment action occurred under circumstances giving rise to an inference of discrimination. *Cruz v. Coach Stores, Inc.*, 202 F.3d 560,

567 (2d Cir.2000). The amended complaint gives the defendant fair notice of this claim and the grounds upon which it rests. It alleges that the plaintiff, an African American, performed her duties satisfactorily as a building coordinator; that she was placed on probation and was constructively discharged under circumstances giving rise to an inference of discrimination.

#### d. Gender Discrimination

■ In order to establish a *prima facie* case of gender discrimination, a plaintiff must show (1) membership in a protected class; (2) adequate qualifications for the position; (3) termination; and (4) discharge under circumstances raising an inference of discrimination. *Thomas v. Westchester County Health Care Corp.*, 232 F.Supp.2d 273, 278 (S.D.N.Y.2002) (citation omitted). The amended complaint alleges that the plaintiff is female, was qualified for the position of building coordinator and was constructively discharged from that position. It also alleges that the defendant gave other male building coordinators preferential treatment which raises an inference of discrimination based on gender. *See id.* (noting allegations that the defendant treated men in similar circumstances more favorably gives rise to an inference of discrimination based on gender). As such, the complaint gives the defendant fair notice of the gender discrimination claim and the grounds upon which it rests.

Accordingly, the motion to dismiss the Title VII claims for failure to state a claim upon which relief can be granted is denied.

#### 2. State Law

■ The defendant argues that the state law claims should be dismissed on the ground that there is no subject matter jurisdiction over the Title VII claims. In the alternative, the defendant argues that even if subject matter jurisdiction exists over the Title VII claims, the election-of-remedies provision under New York Executive Law § 297(9) bars the state law claims.

The first argument is without merit because the Court has subject matter jurisdiction over the Title VII claims. *See supra* Part II.B.1–2. The second argument however is viable.

■ Section 297(9) provides in pertinent part:

> Any person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of appropriate jurisdiction for damages ... and such other remedies as may be appropriate ... unless such person had filed a complaint hereunder or with any local commission on human rights.

N.Y. Exec. Law § 297(9). It is well-settled that if a litigant brings a discrimination complaint before the NYSDHR, she may not bring a subsequent judicial action based on the same incident. *See York v. Ass'n of Bar of City of New York*, 286 F.3d 122, 127 (2d Cir.2002) (citing *Moodie v. Fed. Reserve Bank of New York*, 58 F.3d 879, 882 (2d Cir.1995)). After the NYSDHR decides the claim, a litigant may only appeal that decision to the Supreme Court of the State of New York. *See* N.Y. Exec. Law § 298. A litigant may bring a subsequent judicial action only when the NYSDHR dismisses the claim for administrative convenience. *Moodie*, 58 F.3d at 882 (citing N.Y. Exec. Law § 297).

In this case, the plaintiff filed a complaint with the NYSDHR alleging that the defendant discriminated against her during her employment as a building coordinator on the basis of sex, race and color. The NYSDHR found that there was no probable cause to support the plaintiff's complaint. The plaintiff did not appeal this decision to the New York State Supreme Court. Because the plaintiff chose

to proceed with her discrimination complaint before the NYSDHR and it did not dismiss her claim for administrative convenience, the state claims in this action, which are based on the same incidents, are barred under Section 297(9). Accordingly, the motion to dismiss all of the state claims for failure to state a claim for relief is granted.

In sum, the remaining causes of action, all under Title VII, are: (1) hostile work environment; (2) retaliation; (3) race/ethnicity discrimination; and (4) gender discrimination. The rest of the causes of action are dismissed with prejudice.

### III. CONCLUSION

Based upon the foregoing, it is hereby

**ORDERED,** that the motion to dismiss the amended complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) is granted only with respect to the claim of discrimination based on marital status under Title VII of the Civil Rights Act of 1964; and it is further

**ORDERED,** that the motion to dismiss the claims under Title VII in the amended complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) is **DENIED;** and it is further

**ORDERED,** that the motion to dismiss all of the state claims in the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) is **GRANTED;** and it is further

**ORDERED,** that the parties are directed to contact United States Magistrate Judge Arlene R. Lindsay forthwith to schedule the completion of discovery.

**SO ORDERED.**