**Fred and Bonita BENSCH, et al., Plaintiffs,**

v.

**METROPOLITAN DADE COUNTY, The State of Florida, et al., Defendants.**

No. 90–252–CIV.

United States District Court, S.D. Florida.

April 11, 1994.

See also 798 F.Supp. 678.

Mark V. Silverio, Miami, FL, for plaintiffs.

Joni Armstrong Coffey, Asst. County Atty., Miami, FL, Stanley J. Niego, SFWMD, West Palm Beach, FL, for defendants.

## ORDER

HOEVELER, Senior District Judge.

THIS CAUSE comes before the Court on Defendant South Florida Water Management (SFWMD)'s Motion to Dismiss portions of the Third Amended Complaint.

As the Court noted in its Order of April 30, 1992, the Plaintiffs' earlier Amended Complaint failed to allege "an affirmative causal connection between the actions taken by a particular person 'under .color of state law' and the constitutional deprivation." *Williams v. Bennett,* 689 F.2d 1370, 1380 (11th Cir.1982) (citations omitted), *cert. denied,* 464 U.S. 932, 104 S.Ct. 335, 78 L.Ed.2d 305 (1983).

SFWMD argues that the Third Amended Complaint should be dismissed because Plaintiffs have failed to remedy the earlier insufficiency of their allegations against SFWMD under 42 U.S.C. § 1983. Plaintiffs contend that SFWMD's conduct is actionable under 42 U.S.C. § 1983 because "SFWMD affirmatively used state and/or county procedures to effectuate a purpose not intended by state law or permitted by the constitution." Such conduct, according to Plaintiffs, deprived the plaintiffs of their Fifth and Fourteenth Amendment rights.

■ A court shall not grant a motion to dismiss unless it appears beyond doubt that a claimant can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). In determining whether dismissal is warranted, the material allegations of a plaintiff's claims are taken as true and are liberally construed in favor of the plaintiff. *See, e.g., Burch v. Apalachee Community Mental Health Ser-*

*vice, Inc.,* 840 F.2d 797, 798 (11th Cir.1988), *aff'd,* 494 U.S. 113, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990); *Jackam v. Hospital Corp. of America Mideast,* 800 F.2d 1577, 1579 (11th Cir.1986) ( [T]he movant sustains a very high burden "[to secure dismissal].") (citations omitted); *St. Joseph's Hosp., Inc. v. Hospital Corp. of America,* 795 F.2d 948, 954 (11th Cir.1986); *Quality Foods v. Latin American Agribusiness Development Corp.,* 711 F.2d 989, 995 (11th Cir.1983) (Plaintiffs' "threshold of sufficiency … is exceedingly low.").

■ The Plaintiffs have failed to allege any new facts in the Third Amended Complaint. The Third Amended Complaint contains two new paragraphs which include conclusory statements about SFWMD's actions but provide no factual support for the assertions. The two new paragraphs are:

51. Through SFWMD's participation in the foregoing, including but not limited to, endorsing the adoption of the subject ordinances in 1981, which effectively took plaintiffs' property without *any* compensation after acknowledging that payment to affected property owners was a legal necessity to the validity of the ordinances and by being an active participant in the steering committee, the defendants affirmatively used state and/or county procedures to effectuate a purpose not intended by state law or permitted by the constitution.

* * * * *

53. SFWMD has a duty under federal and state law to not take private property for public use without just compensation. Through these actions, the SFWMD has breached this duty, such breach being the direct legal and proximate cause of the plaintiffs' substantial injuries.

Such bare allegations lead this Court to conclude that dismissal is again appropriate.

As noted in the Court's previous Order, SFWMD does not deny that it "endorsed the adoption of the subject ordinances in 1981," however, SFWMD denies that it implemented and participated in the enactment of the ordinances. The 1972 SFWMD workshop meeting which, according to Plaintiffs,

marked the beginning of the conspiracy to ultimately deprive them of their constitutional rights was limited to a general discussion of policy options. As the Court previously found, no policy resolutions appear to have been made at the meeting.

■ "Section 1983 plaintiffs must establish both deprivation of a right secured by the United States Constitution or federal laws and action by a defendant under color of state law." *Motes v. Myers,* 810 F.2d 1055, 1058 (11th Cir.1987) (citations omitted). The plaintiff must provide clear proof of "an affirmative causal connection between the actions taken by a particular person 'under color of state law' and the constitutional deprivation." *Williams v. Bennett,* 689 F.2d 1370, 1380 (11th Cir.1982) (citations omitted), *cert. denied,* 464 U.S. 932, 104 S.Ct. 335, 78 L.Ed.2d 305 (1983).

Here, Plaintiffs have yet to adequately allege a causal connection between the actions of SFWMD in relation to the enactment of the ordinances in question and plaintiffs' alleged suffering of a constitutional deprivation. "Something more ... than simple endorsement and encouragement of legislation that turns out to be unconstitutional is a necessary element of a section 1983 claim based upon a conspiracy theory." *Culebras Enterprises Corp. v. Rios,* 813 F.2d 506, 519 (1st Cir.1987) (citation omitted); *see also, Fullman v. Graddick,* 739 F.2d 553, 557 (11th Cir.1984) (citations omitted) ("In conspiracy cases, a defendant must be informed of the nature of the conspiracy which is alleged. It is not enough to simply aver in the complaint that a conspiracy existed.") Accordingly, the Section 1983 claim against SFWMD with respect to the illegal enactment of ordinances is again DISMISSED without prejudice.

The Plaintiffs will be given one last opportunity to amend their complaint, if they desire to do so, within twenty days from the date of this Order. Further, this matter will be set for a status conference at **9:00 a.m. on May 12, 1994, at 301 N. Miami Ave., Ninth Floor,** to advance the case toward trial.

DONE AND ORDERED.