NORTHLAND CASUALTY COMPANY, a corporation, Plaintiff,

v.

WESCAL YACHTS, INC., a corporation; The Estate of Lloyd Brown, a deceased individual; Best Marine, an organization whose form is unknown; Jerry Harden, an individual; Kenneth R. Buck, an individual, Defendants,

Kenneth R. Buck, Counterclaimant,

v.

Northland Casualty Company, a corporation, and Roes 1 through 30, inclusive, Counterdefendant.

No. CV 99–03172DDP(RNBx).

United States District Court,
C.D. California.

Aug. 13, 1999.

H. Douglas Galt, Kroll, Rubin & Fiorella, Los Angeles, CA, for Northland Casualty Co.

Neil S. Lerner, Brent G. Cheney, Joseph Cho, Sands Narwitz Leonard & Lerner, Los Angeles, CA, for Wescal Yachts Inc., The Estate of Lloyd Brown.

Robert Kennedy Scott, Robert K. Scott Offices, Newport Beach, CA, for Kenneth R. Buck, Roes 1–30 Inclusive.

### ORDER DENYING COUNTERDEFENDANT'S MOTION TO DISMISS COUNTERCLAIM

PREGERSON, District Judge.

The counterdefendant's motion to dismiss the counterclaim came before the

Court for oral argument on June 28, 1999. After reviewing and considering the materials submitted by the parties and hearing oral argument, the Court denies the motion.

## BACKGROUND

Defendant Kenneth Buck ("Buck") owned a yacht which the plaintiff Northland Casualty Company ("Northland") insured against loss. The yacht sank in March 1996. Northland paid Buck the policy limit of $500,000.

Subsequently, Northland sued Buck and others for negligence, breach of warranty and misrepresentation surrounding the sinking of the yacht.

Buck claims that Northland's actions constitute an attempt to rescind the insurance contract. Northland does not dispute this characterization. Buck filed a counterclaim against Northland alleging that Northland's conduct states a claim for breach of the implied covenant of good faith and fair dealing.

Northland has moved to dismiss Buck's counterclaim under Rule 12(b)(6). Northland argues that Buck's counterclaim is, in effect, a claim for malicious prosecution. Northland argues that as such Buck's counterclaim is premature.

## DISCUSSION

### A.  *Legal standard*

Dismissal under Rule 12(b)(6) is appropriate when it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations set forth in the complaint. *See Newman v. Universal Pictures,* 813 F.2d 1519, 1521–22 (9th Cir.1987). The court must view all allegations in the complaint in the light most favorable to the non-movant and must accept all material allegations—as well as any reasonable inferences to be drawn from them—as true. *See North Star Int'l v. Arizona Corp. Comm'n,* 720 F.2d 578, 581 (9th Cir.1983). However, a matter that is properly the subject of judicial notice may be considered along with the complaint when deciding a motion to dismiss. *MGIC Indem. Corp. v. Weisman,* 803 F.2d 500, 504 (9th Cir.1986). The court may take judicial notice of official records and reports without converting a Rule 12(b)(6) motion into a motion for summary judgment. *Henson v. CSC Credit Servs.,* 29 F.3d 280, 284 (7th Cir.1994).

### B.  *Analysis*

Northland argues:

Buck's counterclaim rests on these allegations: (i) Northland wrongfully sued Buck, and (ii) Buck has paid money to a lawyer to defend against the complaint. The gist of the factual allegations is that Northland committed the tort of malicious prosecution.

(Mot.5:14–18.)

Northland, however, reads Buck's counterclaim narrowly. For the purpose of this motion the Court must do the opposite—read the complaint in the light most favorable to Buck. *North Star,* 720 F.2d at 581.

Buck alleges that Northland violated the implied covenant of good faith and fair dealing by attempting to rescind the insurance policy without any basis in fact. Buck alleges that Northland failed to undertake an investigation prior to making an initial payment on Buck's policy (Counterclaim ¶¶ 7, 10(c)); that the company acted unreasonably and in bad faith by "conducting post-claim underwriting in an unreasonable and inaccurate manner" (*id.* ¶ 10(a)); that the insurer unreasonably and in bad faith attempted "to rescind the yacht policy without a basis in law or fact" (*id.* ¶ 10(b)). Further, Buck alleges that the insurer carried out its attempt to rescind the insurance contract, in part, by filing a lawsuit. (*Id.* ¶¶ 10(b), 10(d).)

California law allows defendants in an action for rescission to file a counterclaim for breach of the implied covenant where there is no valid ground for the recission. *See, e.g., Imperial Cas. & Indem. v. Sogomonian,* 198 Cal.App.3d 169,

243 Cal.Rptr. 639, 647 n. 16 (1988). Northland argues, however, that the insured could only bring an action for breach of the implied covenant of good faith and fair dealing where the insurer has refused to pay under the policy. Here the insurer has paid under the policy and is seeking reimbursement. *Imperial Casualty*, however, is not so limited. The court stated, "Where no valid ground for rescission exists, the threat or attempt to seek such relief may itself constitute (1) a breach of the covenant of good faith and fair dealing." *Imperial Cas.*, 243 Cal.Rptr. at 647 n. 16. Although the *Imperial Casualty* court cautions insurers from using rescission actions to delay obligations under policies, there is no indication that the court limited its holding to circumstances in which the insurer had made no payments under the policy.

Buck alleges that there is no valid grounds for the rescission. Northland disagrees. Because the case is at an early stage, the Court cannot resolve the dispute. Accordingly, it would be inappropriate to say that no relief could be granted under any set of facts that could be proven consistent with the allegations set forth in the complaint. *Newman*, 813 F.2d at 1521–22.

■ Alternatively, Northland argues that a claim for breach of the implied covenant of good faith and fair dealing is premature. Northland states:

> Buck's success on the counterclaim requires a showing that the compliant was unfounded and filed with malicious intent. Obviously, the complaint will necessarily not have been unfounded if Northland ultimately prevails. And, as long as that possibility remains—as long as the complaint is pending—Buck cannot state a claim. Thus, the counterclaim, regardless of the legal theory attached to it, is premature.

(Mot.6:2–7.) There are many cases in which an insurer brings a claim for declaratory relief and the insured counterclaims for breach of contract and breach of the implied covenant of good faith and fair dealing. *See, e.g., California State Auto. Ass'n, Inter–Ins. Bureau v. Superior Court*, 184 Cal.App.3d 1428, 229 Cal.Rptr. 409, 412 (1986) (hereinafter "*CSAA*").

Functionally, this case operates similarly to a declaratory relief action. The insurer has brought a claim against its insured seeking a determination that the insurer has no obligation under the insurance contract. The fact that the insurer has made a payment before seeking this action does not alter the insured's ability to bring a counterclaim for breach of the implied covenant.

Additionally, Northland argues that Buck must establish that coverage exists in order to prevail in his counterclaim. In this regard, the *CSAA* court stated:

> The solution to this problem lies not in holding [Buck's] cross-complaint to be premature, but in determining the order in which these issues are to be decided. An action for declaratory relief is proceeding in equity in which the trial is by the court. The trial court is empowered to determine the order in which the issues to be determined are tried and may order the declaratory relief complaint tried before the cross-complaint.

*Id.* Here, the Court may likewise bifurcate the proceedings to determine whether coverage exists and, if necessary, reach the merits of Buck's counterclaim.

Accordingly, the Court denies Northland's motion to dismiss the counterclaim.

IT IS SO ORDERED.