**AUTO–OWNERS INSURANCE COMPANY, Plaintiffs**

v.

**Jimmy TUGGLE; Jason Klein; Stoker, Inc. (a/k/a and/or f/k/a Fred C. Stoker & Sons, Inc. and/or Fred Stoker & Sons, Inc.); and, Fred Stoker & Sons, Inc. Defendants**

No. CIV. 03–2131.

United States District Court, W.D. Arkansas, Ft. Smith Division.

Oct. 22, 2003.

Mark L. Hayes and William Lewis Jenkins, Jr., Dyersburg, TN, for Plaintiff or Petitioner.

Clifton M. Smart and Steve Garner (Tuggle), Jason Klein (pro se), Randy M. Chism (Stoker), Union City, TN, for Defendant or Respondent.

## OPINION & ORDER

DAWSON, District Judge.

Plaintiff initiated this action against Jimmy Tuggle, Jason Klein, Stoker, Inc. (a/k/a and/or f/k/a Fred C. Stoker & Sons, Inc. and/or Fred Stoker & Sons, Inc.), and Fred Stoker & Sons, Inc., and alleged that it was entitled to declaratory judgment, pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure, and sought the decree and enforcement of certain rights and obligations under a policy of insurance. (Doc. 1.)

Currently before the Court is separate Defendant Tuggle's Motion to Dismiss (Doc. 3), Suggestions (Doc. 4), Supplement (Doc. 5), and Reply Suggestions (Doc. 11) and Plaintiff's Statement in Opposition to Motion to Dismiss (Doc. 9) and Supplement (Doc. 12). For the reasons set forth below, Defendant Tuggle's Motion to dismiss is granted, and all claims are dismissed as well against the remaining defendants Jason Klein, Stoker, Inc. (a/k/a and/or f/k/a Fred C. Stoker & Sons, Inc. and/or Fred Stoker & Sons, Inc.), and Fred Stoker & Sons, Inc.

## I. Background

On or about August 20, 2000, Klein operated a vehicle on U.S. Highway 71 in Scott County, Arkansas, and some two miles north of the intersection of State Highway 28 and U.S. Highway 71, collided with a vehicle operated by Tuggle. Tuggle's passenger, Patrick A. Duncan, and Klein's passenger, Robin Honl, were both killed in the collision. The vehicle operated by Klein was owned by a corporate entity doing business at the time of the accident as Fred C. Stoker & Sons, Inc. ("Stoker" and "the Stoker vehicle"). (Doc. 1, ¶ 9–12.)

Prior to August 20, 2000, Auto–Owners issued a commercial automobile policy to Stoker that provided coverage for automobile-related liability under certain circumstances. (Doc. 1, ¶ 13.) Allegedly, the Stoker vehicle was to be used only for business purposes by its employee, Dennis Honl, with the permission of Stoker. (Doc. 1, Ex. A.) It is also alleged that Dennis Honl allowed his wife, Robin Honl, to borrow the vehicle, contrary to a written company policy and without the knowledge of Stoker. Robin Honl, in turn, allowed Jason Klein to use and operate the Stoker vehicle. (Doc. 1, ¶ 13–16.)

Auto–Owners asserts that, under the terms of the contract of insurance coverage, no coverage exists for the damages and injuries found to have been caused by the negligence of Klein because his operation of the Stoker vehicle was non-permissive and unauthorized. Further, Auto–Owners asserts that it owes no duty to any party to provide coverage or pay for the liability of any party for negligence arising out of the automobile crash that occurred on August 20, 2000. (Doc. 1, ¶ 17.)

The relevant portion of the insurance policy at issue provides in part:

> We will pay damages for bodily injury and property damage for which you become legally responsible because of or arising out of the ownership, maintenance or use of your automobile as an automobile. We will pay such damages:
>
> .    .    .    .    .
>
> (3) on behalf of any other person using your automobile with your permission[.]

(Automobile Policy, Section II.1.a, [p.2 of Insuring Agreement].)

With regard to this provision, Auto–Owners contends that the policy precludes the imposition of liability for any injuries caused by Jason Klein while operating the Stoker vehicle, as Klein did not operate the vehicle with the permission of Stoker. (Doc. 1, ¶ 18–20.)

### A. Arkansas Federal Personal Injury Action

On November 20, 2000, the first suit arising from the August 20, 2000, automobile accident was filed in the United States District Court for the Western District of Arkansas, Case No. 00–CV–2238. This suit was filed by Edna Byers, on behalf of the estate of Patrick A. Duncan, against Jason Klein for the wrongful death of Mr. Duncan. On October 30, 2001, the case was submitted to the jury and a verdict returned that awarded damages to the Estate of Patrick A. Duncan for $6,974, to Edna Byars for $150,000, to Megan Duncan for $310,000, and to Heather Duncan for $310,000. On October 31, 2001, judgment was entered against Klein in the total amount of $776,974, with interest accruing at 2.31% per annum. Auto–Owners provided a defense of Klein under a reservation of rights to contest the coverage issue. (Doc. 3, Ex. 2.) No appeal was taken in that case.

### B. Tennessee State Chancery Court Action

On February 16, 2001, Auto–Owners filed a declaratory judgment action in Chancery Court for Weakley County, Tennessee, Case No. 16,978, against all parties connected with the August 20, 2000, accident, including those named in the instant case. Tuggle filed a motion to dismiss the Tennessee suit based upon a challenge to personal jurisdiction. (Doc. 3, Ex. 4.) This motion to dismiss was never expressly ruled on by the Tennessee court. Auto–Owners then filed a motion for summary judgment (Doc. 3, Ex. 7.), which the Ten-

nessee court granted on February 20, 2002. (Doc. 3, Ex. 8.) The Tennessee judgment stated:

> [N]o response having been filed by any of the defendants, ... the Court was of the opinion that the Motion for Summary Judgment is well taken and that there is no genuine issue as to any material fact and the plaintiff is entitled to a judgment as a matter of law.
>
> It is therefore ORDERED, ADJUDGED, and DECREED that the plaintiff is entitled to the relief sought in its Complaint for Declaratory Judgment and that the plaintiff, Auto–Owners Mutual Insurance Company, under the terms of its policy issued to Fred C. Stoker & Sons, Inc. has no duty to defend and/or pay any judgment on behalf of the defendant, Jason Klein, as there is no coverage afforded the defendant, Jason Klein, under said policy.

(Doc. 3, Ex. 8.) No appeal was taken in that case.

### C. Arkansas State Personal Injury Action

On December 10, 2001, Tuggle filed a personal injury action against Klein in the Circuit Court of Scott County, Arkansas, Case No. 2001–53. Auto–Owners provided Klein a defense under a reservation of rights to contest the issue of coverage, and on February 13, 2003, a consent judgment was entered against Klein in the amount of $115,000, plus costs. (Doc. 3, Ex. 13.) No appeal was taken in that case.

### D. Missouri State Circuit Court Action

On December 18, 2001, Edna Byers, on behalf of the Estate of Patrick A. Duncan, brought an equitable garnishment action against Auto–Owners in the Circuit Court of Greene County, Missouri, Case No. 101CC4578. The action sought payment of

the judgment from Auto–Owners that Ms. Byers obtained against Klein in the Arkansas federal court case. Auto–Owners moved to dismiss the garnishment action or alternatively for summary judgment, contending the Tennessee court had ruled that there is no coverage afforded Klein under the policy of insurance. (Doc. 3, Ex. 8 & 11.) The Missouri court denied Auto–Owners' motion and found as follows:

> Along with many other jurisdictions, the State of Tennessee has abolished its former rule that a defendant must enter a "special appearance" for purposes of contesting personal jurisdiction or be found to have entered his appearance generally for all purposes. *See Landers v. Jones*, 872 S.W.2d 674 (Tenn.1994). What is required is that a defendant raise the issue of a lack of personal jurisdiction to the Tennessee court in a motion to dismiss on those grounds with accompanying suggestions and affidavits. While this court is troubled by the fact that plaintiff herein took no additional action to have that issue ruled on by the Tennessee court and apparently ignored the motion for summary judgment, the Tennessee court nonetheless never decided the issue of a lack of personal jurisdiction on its merits and plaintiff herein remains free to raise it before this court. If the Tennessee Chancery Court lacked personal jurisdiction over plaintiff herein, its summary judgment is void and not entitled to be given full faith and credit by this court. As a result, defendant's motion to dismiss or for summary judgment on the grounds of res judicata or collateral estoppel is denied.

(Doc. 3, Ex. 12.) After a period of discovery, both parties filed motions for summary judgment and the Missouri court entered judgment for Byers in the amount of $799,741, plus post-judgment interest and costs. (Doc. 3, Ex. 13.) An appeal is pending in the Missouri Court of Appeals for the Southern District. (Doc. 1, ¶ 26.)

## II. Discussion

Plaintiff Auto–Owners asserts in its complaint in the instant case that the judgment of the Chancery Court of Weakley County, Tennessee, prohibits recovery by Jason Klein, Jim Tuggle, Stoker, and all other persons named in the Tennessee lawsuit. (Doc. 1, ¶ 27.) Further, Plaintiff contends that the Missouri judgment involving the Estate of Patrick A. Duncan is the result of the Missouri circuit court failing to recognize the validity of its Tennessee judgment. Plaintiff now seeks a declaratory judgment from this Court decreeing that the Tennessee judgment is final and binding and that it precludes the imposition of liability on Auto–Owners for any injuries or damages caused by Jason Klein while operating the Stoker vehicle. Alternatively, "if the Court finds a jurisdictional defect in the Tennessee judgment," Plaintiff asks the Court to construe the language of the insurance policy and issue a declaratory judgment that it does not provide coverage for the injuries or damages caused by Klein. In his motion to dismiss, Defendant Tuggle contends, inter alia, that this Court lacks subject matter jurisdiction to review the Missouri State court's judgment under the *Rooker–Feldman* doctrine.

### A. Standard of Review

Plaintiff argues that Defendant's motion should be converted into a motion for summary judgment since documents were submitted to the Court that are allegedly outside the scope of the pleadings. In the event the Court treats the motion to dismiss as a motion for summary judgment, Plaintiff argues that it should have additional time to conduct discovery and respond. (Doc. 9.)

In his motion to dismiss, Defendant does not state the federal rule(s) upon which dismissal is sought. However, in his reply brief, Defendant states that the motion to dismiss raises various Rule 12(b)(1), Rule 12(b)(2), and Rule 12(b)(6) challenges. (Doc. 11.) As explained below, the Court finds that it lacks subject matter jurisdiction over this action. Accordingly, the action is subject to dismissal under Rule 12(b)(1), and the Court finds it unnecessary to address Defendant's Rule 12(b)(2) and 12(b)(6) challenges.

■ A Rule 12(b)(1) motion can not be treated as a Rule 56 motion for summary judgment when the court looks to evidence outside of the complaint. *See Harris v. P.A.M. Transport, Inc.*, 339 F.3d 635, 637 n. 4 (8th Cir.2003); *Osborn v. U.S.*, 918 F.2d 724, 729 (8th Cir.1990). Defendant included various exhibits with his motion to dismiss, consisting of motions, orders, docket entries, briefs, and the like, all of which were filed in courts in Arkansas, Missouri, and Tennessee.[1] The Court is permitted to and will take judicial notice of these public records and can consider them in connection with the Rule 12(b)(1) motion. *See Stahl v. United States Dep't of Agric.*, 327 F.3d 697, 700 (8th Cir.2003). Accordingly, it is not necessary to treat the 12(b)(1) motion as a motion for summary judgment, and no evidentiary hearing is necessary.

### B. *Rooker–Feldman* Doctrine

■ Defendant asserts that the *Rooker–Feldman* doctrine is a basis for dismissal because Plaintiff is attempting to relitigate the issue of coverage. (Doc. 11.) The *Rooker–Feldman* doctrine provides that:

"with the exception of habeas corpus petitions, lower federal courts lack subject matter jurisdiction over challenges to state court judgments." *Lemonds v. St. Louis County*, 222 F.3d 488, 492 (8th Cir.2000) (citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416, 44 S.Ct. 149, 68 L.Ed. 362 (1923)). District courts have no authority to review state court decisions, "even if those challenges allege that the state court's action was unconstitutional," *Feldman*, 460 U.S. at 486, 103 S.Ct. 1303, because "federal jurisdiction to review most state court judgments is vested exclusively in the United States Supreme Court," *Lemonds*, 222 F.3d at 492 (citations omitted). *Gisslen v. City of Crystal*, 345 F.3d 624, 626 (8th Cir.2002). The Eighth Circuit concluded further that "the *Rooker–Feldman* doctrine extends beyond 'straightforward appeals ... [to] more indirect attempts by federal plaintiffs to undermine state court decisions.'" *See Gisslen*, 345 F.3d at 627 (internal citation omitted). Therefore, the doctrine should apply if the state court decision and federal claims are so inextricably intertwined that the federal claims would succeed only by finding that the state court wrongly decided the issues before it. *See Lemonds*, 222 F.3d at 493.

The relief sought by Plaintiff is to have this Court either review the Tennessee state court judgment and decree its legal effect or, alternatively, to re-determine the issues of permissive use and coverage, which Plaintiff alleges were litigated in the Tennessee action. The Plaintiff acknowledges that there is a related judgment in a Missouri state court that failed to recognize the Tennessee judgment. Therefore, assuming *arguendo* that this court is not

---

**1.** Defendant Tuggle also submitted an affidavit addressing the issue of personal jurisdiction. (Doc. 5.) The affidavit is not considered by the Court, as it is irrelevant to the issue of subject matter jurisdiction.

precluded from reviewing the Tennessee judgment, this Court must also consider whether review of the Tennessee judgment would conflict with and amount to a review of the Missouri judgment.

The Tennessee court found that Auto–Owners "has no duty to defend and/or pay any judgment on behalf of the defendant, Jason Klein, as there is no coverage afforded by the defendant, Jason Klein," under the policy of insurance. (Doc. 3, Ex. 8.) Conversely, the Missouri state court found that Jason Klein was a permissive user and therefore covered by the policy of insurance issued by Auto–Owners, and the court ordered the payment of $799,741, post-judgment interest, and costs. (Doc. 3, Ex. 13.) If this Court were to grant the relief sought by Plaintiff, it would be required to make a determination of coverage regarding Jason Klein. As a result, any judgment by this Court that decreed the parties' rights or obligations under the policy, i.e., permissive use and coverage, inherently would contravene either the Missouri or Tennessee state court judgment.

The Defendant argues that the instant case is not precluded by the Missouri or Tennessee judgment because the Missouri suit was between Auto–Owners and Edna Byers, and Ms. Byers was not a party to the Tennessee suit. The Defendant's argument is flawed, for it is not necessary that the parties named in both suits be identical. *See Gisslen,* 345 F.3d at 629; *Lemonds,* 222 F.3d at 495. The Tennessee and Missouri judgments both hinged upon a finding of coverage as to Jason Klein under the policy of insurance issued by Auto–Owners to Stoker. Therefore, any ruling by this Court regarding the rights and obligations of the parties under the policy of insurance would require a finding on the issues of permissive use and coverage. As any such findings would be in direct conflict with and undermine one

of the state court judgments, it is apparent that the relief requested by Plaintiff relates to matters that are inextricably intertwined with both the Tennessee and Missouri state court judgments. *See Lemonds,* 222 F.3d at 493; *see also Gisslen,* 345 F.3d at 626.

### III. Conclusion

The Court finds that Plaintiff's instant suit requests the type review prohibited by the *Rooker–Feldman* doctrine, which precludes this Court from having subject matter jurisdiction. After due consideration, Defendant Tuggle's separate motion to dismiss is GRANTED.

As the Court finds that subject matter jurisdiction does not exist, the Court dismisses, sua sponte, all claims against the remaining defendants Jason Klein, Stoker, Inc. (a/k/a and/or f/k/a Fred C. Stoker & Sons, Inc. and/or Fred Stoker & Sons, Inc.), and Fred Stoker & Sons, Inc. *See Williams v. Rogers,* 449 F.2d 513, 518 (8th Cir.1971).