In re JET 1 CENTER, INC., Debtor.

Jet 1 Center, Inc., a Florida Corporation, Plaintiff/Counter-defendant,

v.

City of Naples Airport Authority, Defendant/Counter-plaintiff and Third Party Plaintiff,

v.

Jet 1 Center, Inc., et al., Counter-defendant and Third Party Defendants.

Bankruptcy No. 9:03–BK–26514–ALP. Adversary No. 04–110.

United States Bankruptcy Court, M.D. Florida, Ft. Myers Division.

Sept. 2, 2004.

Lori V. Vaughan, Foley & Lardner, Tampa, FL, Lead Attorney, for Jet 1 Center, Inc., a Florida Corporation/Counterdefendant and Third Party Defendants, Plaintiff.

David M. Hayes, Bond, Schoeneck & King, PLLC, Syracuse, NY, Lead Attorney, Louis X. Amato, PA, Naples, FL,

Lead Attorney, Peter J. Iacono, Naples, FL, Lead Attorney, for City of Naples Airport Authority, Counterplaintiff and Third Party Plaintiff, Defendant.

Alberto A Macia, Budd Bennett & Macia, Naples, FL, Lead Attorney, for Beasley Aircraft Leasing, LLC, 3rd Pty. Defendant.

### ORDER DENYING MOTION TO DISMISS SECOND AMENDED COMPLAINT

(Doc. No. 38)

ALEXANDER L. PASKAY,
Bankruptcy Judge.

The matter under consideration in the above-captioned adversary proceeding is Motion to Dismiss Second Amended Complaint and Memorandum of Law in Support Thereof (Doc. No. 38), filed by the City of Naples Airport Authority (NAA). A brief recap of the relevant facts and procedural history of this adversary proceeding should be helpful and is as follows.

Prior to the initiation of this Chapter 11 case of Jet 1 Center, Inc. (Debtor), the Debtor and the NAA were involved in two separate state court actions. The first case was filed in August of 2000 and was initiated by the Debtor against the NAA. In this suit, the Debtor sought declaratory relief regarding its rights under certain leases it had with the NAA. This litigation has been termed the "Eviction Action," most likely because the NAA counterclaimed and sought to evict the Debtor and its subtenants from the airport operated by the NAA.

After the Eviction Action, the NAA initiated a second state court action against the Debtor and sought an injunction against the Debtor from conducting any fueling operations at the airport. This action has been termed the "Injunction Action." The state court judge in the Injunction Action held a trial and at the end of the trial determined that an injunction was appropriate against the Debtor and enjoined the Debtor from fueling at the airport. The state court judge also determined that the NAA had properly terminated the Debtor's fueling permit.

After the trial of the Injunction Action, the Debtor filed its Petition for Relief under Chapter 11, which of course, stayed all pending litigations with the NAA. Prior to the commencement of this Chapter 11 case, the Debtor sought leave in the circuit court to file an amended compliant which the circuit court denied. The Debtor then filed a notice of removal of a civil suit thereby initiating the above-captioned adversary proceeding, which is the removal of the Eviction Action before this Court. Once the Eviction Action was removed to this Court, the Debtor filed its motion for leave to file second amended complaint and to join additional defendants.

In due course, this Court heard argument in support of and in opposition to the motion for leave to amend and ultimately, this Court granted the motion and allowed the Debtor to file its Second Amended Complaint, the pleading which is now sought to be dismissed by the NAA.

The Second Amended Complaint is a ten-count complaint where the Debtor seeks the following relief:

Count I—declaratory relief against the NAA regarding the Debtor's rights arising from certain leases, fuel permits and other written instruments;

Count II—declaratory relief against the NAA regarding the fuel prices charged to the Debtor by the NAA;

Count III—injunctive relief and attorneys' fees against the NAA based upon a violation of Section 1 of the Sherman Act, 15 U.S.C. § 1 for price fixing fuel

prices which is alleged to be a per se violation of federal antitrust laws;

Count IV—injunctive relief and attorneys' fees against the NAA based upon a violation of Section 2 of the Sherman Act, 15 U.S.C. § 2, alleging that the NAA has a monopoly on all fueling, tie-down services and aircraft storage, which is a an attempt to monopolize a part of trade or commerce in violation of the Sherman Act;

Count V—injunctive relief and attorneys' fees against the NAA based upon the Florida Antitrust Act, Fla. Stat. § 542.18, alleging that all contracts, combinations or conspiracy in restraint of trade is unlawful;

Count VI—injunctive relief and attorneys' fees against the NAA based upon the Florida Antitrust Act, Fla. Stat. § 542.19, alleging that the NAA is attempting to monopolize a part of trade or commerce, which is a violation of the Florida Antitrust Act;

Count VII—unconstitutional impairment of contract against the NAA pursuant to Article I Section 10 of the Florida Constitution and Article I Section 10 of the United States Constitution, which prohibit the government from passing any law which impairs the obligation of contract;

Count VIII—promissory estoppel against the NAA;

Count IX—denial of exclusive rights against all defendants pursuant to 42 U.S.C. § 1983; and

Count X—denial of self-fueling rights against all defendants pursuant to 42 U.S.C. § 1983.

In the Motion to Dismiss, the NAA asserts several basis for dismissal of the Complaint, including but not limited to issue preclusion, claim preclusion, a total bar under the doctrine of state action immunity, a total bar because the NAA is exempt from Florida antitrust claims, and absolute immunity. The NAA provided extensive legal authority for its proposition, together with facts to support its claim.

In opposition to the Motion to Dismiss, the Debtor asserts that many of the cases are distinguishable, that the NAA's spin on the facts are much broader than the narrow claims that the Debtor has asserted and that the Motion to Dismiss is a disguised motion for summary judgment.

In response, the NAA asserts that the Motion to Dismiss can be dealt with as an alternative motion for summary judgment, especially in light of the fact that the NAA provided notice to the Debtor that it was seeking summary judgment.

### General Principles Governing Motions to Dismiss

It is generally recognized that for the purposes of a motion to dismiss, the court shall construe pleadings liberally, and if there is any possibility of relief, the case should not be dismissed. *Yeitrakis v. Schering–Plough Corp.*, 804 F.Supp. 238 (D.N.M.1992). The purpose of a motion to dismiss a complaint for failure to state a claim is to test the statement of the claim for relief as set out in the complaint. The motion should be granted only if it appears that no relief can be granted under any set of facts that could be proved consistent with the allegations. *Harris v. Mississippi Valley State University*, 899 F.Supp. 1561 (N.D.Miss.1995).

The granting of a motion to dismiss is a harsh remedy. It is without dispute that it must be cautiously studied, both to effectuate the spirit of the liberal rules of the pleading and to protect the interest of justice. *Carlson v. U.S. ex rel U.S. Postal Service*, 248 F.Supp.2d 1040 (N.D.Okla. 2003). To resolve a motion to dismiss, the court must accept as true all factual allega-

tions in the complaint, construe the record in favor of plaintiff, and decide whether as a matter of law, the plaintiff could prove no set of facts which would entitle it to relief. *Parker v. Wakelin*, 882 F.Supp. 1131 (D.Me.1995); *Straka v. Francis*, 867 F.Supp. 767 (N.D.Ill.1994); *Bensch v. Metropolitan Dade County*, 855 F.Supp. 351 (S.D.Fla.1994).

### Treating a Motion to Dismiss as a Motion for Summary Judgment

As a general proposition, on a motion to dismiss, the court must limit its analysis to the four corners of the complaint and it may dismiss the complaint only if it is clear that the plaintiff can prove no set of facts upon which it would be entitled to relief. *Bharucha v. Reuters Holdings PLC*, 810 F.Supp. 37 (E.D.N.Y.1993). In the case of *Harvey M. Jasper Retirement Trust v. Ivax Corp.*, 920 F.Supp. 1260 (S.D.Fla.1995), the court held that consideration of matters beyond the complaint is improper in the context of a motion to dismiss.

In the present instance, in the Motion to Dismiss filed by the NAA, it for the first time raises the point in the prayer for relief that this Court could or should, in the alternative, treat the Motion to Dismiss as a Motion for Summary Judgment and should consider all of the documentation offered into evidence. Courts are not in uniform agreement of whether it is proper to treat a motion to dismiss as a motion for summary judgment.

According to the Note to the 1946 Amendment to the Federal Rules of Civil Procedure, under Fed.R.Civ.P. 12, prior to this Amendment, there was a split of authority on how courts of appeals considered matters outside of the complaint, such as affidavits and depositions. Under the first line of decisions, courts generally accepted the use of affidavits and other extraneous materials in considering a motion to dismiss. *Boro Hall Corp. v. General Motors Corp.*, 124 F.2d 822 (2nd Cir. 1942), *cert. denied*, 317 U.S. 695, 63 S.Ct. 436, 87 L.Ed. 556 (1943); *Gallup v. Caldwell*, 120 F.2d 90 (3rd Cir.1941). On the other hand, in the second line of cases, courts reversed judgment of lower courts to prevent a final determination on a mere pleading alone. *Sparks v. England*, 113 F.2d 579 (8th Cir.1940); *Continental Collieries, Inc. v. Shober*, 130 F.2d 631 (3rd Cir.1942); *Downey v. Palmer*, 114 F.2d 116 (2nd Cir.1940).

In 1946, the amendment to subdivision (b) makes it clear that on a motion under Rule 12(b)(6), extraneous material may not be considered if the court excludes it, but that if the court does not exclude it, the motion shall be treated as a motion for summary judgment and disposed of as provided in Rule 56. This is true in the bankruptcy context pursuant to F.R.B.P. 7012.

Finally, the party moving to dismiss a complaint may also rely on Fed.R.Civ.P. 12(c), which provides that after pleadings are closed, but within such time as not to delay the trial, any party may move for judgment on the pleadings. If on that motion, the court considers matters outside of the pleadings presented to the court that are not excluded, the motion must be treated as one of summary judgment, disposed of as provided by Fed. R.Civ.P. 56 as adopted by F.R.B.P. 7056. The Rule also provides, however, that all parties shall be given reasonable opportunity to present all material pertinent to such motion under Fed.R.Civ.P. 56, F.R.B.P. 7056.

█ The Rules are clear that while a court may convert a motion to dismiss for failure to state a claim into summary judgment, if the moving party submits evidence

beyond the pleadings, such action is inappropriate unless all parties are given notice and the opportunity to respond appropriately. *Weizmann Institute of Science v. Neschis,* 229 F.Supp.2d 234 (S.D.N.Y. 2002). A court may not convert a motion to dismiss for failure to state a claim to a motion for summary judgment without providing notice and response time to the opposing party. *Drug Emporium, Inc. v. Blue Cross of Western New York, Inc.,* 104 F.Supp.2d 184 (W.D.N.Y.2000).

In the present instance, the pleadings have not been closed and no motion for judgment of pleadings has been filed. Thus, it is evident that the reliance of the authority on subclause (c) of Fed.R.Civ.P. 12 and F.R.B.P. 7012 is misplaced.

■ The court has a broad discretion when deciding whether to treat a motion to dismiss as a motion for summary judgment even though supplementary materials are filed by the parties and the court is not required to take cognizance of them. *Cardona Del Toro v. U.S.,* 791 F.Supp. 43 (D.Puerto Rico 1992), affirmed 983 F.2d 1046. A motion to dismiss is not automatically transformed into a motion for summary judgment just because matters outside of the pleadings are filed with or not expressly rejected by the Court; if a court chooses to ignore the supplementary materials and determines the motion under the standard of the dismissal rule, conversion is improper. In the case of *Auto–Owners Ins. Co. v. Tuggle,* 289 F.Supp.2d 1061 (W.D.Ark.2003), the court held that the court's consideration on a motion to dismiss for lack of subject jurisdiction of exhibits consisting of motions, orders, docket entries, briefs and the like, all of which were filed in courts in Arkansas, Missouri, Tennessee, did not require that the motion to dismiss be treated as a motion for summary judgment. The exhibits were all matters of public records, of which the

Court took judicial notice. *See also Thomas v. Westchester County Health Care Corp.,* 232 F.Supp.2d 273 (S.D.N.Y.2002); *Northland Cas. Co. v. Wescal Yachts, Inc.,* 60 F.Supp.2d 1027 (C.D.Cal.1999).

■ In the present instance, documents presented at the hearing consisted of the pleadings in the litigation between the Debtor and the NAA and others filed in the state court action in Collier County, Florida. *See* NAA Exs. A & B. The documents also consisted of City of Naples Airport Authority, Naples Municipal Airport, Rates and Charges (NAA Ex. C); Verified Complaint for Injunctive Relief filed by the NAA against the Debtor (NAA Ex. D);- The Debtor's Amended Answer and Affirmative Defenses to the Verified Complaint of the Authority (NAA Ex. E); The Debtor's Motion for Leave to File its Second Amended Complaint filed in the Circuit Court for Collier County (NAA Ex. F.); Order denying the Motion for Rehearing (NAA Ex. G); the Transcript of the proceedings in the suit filed by the NAA against the Debtor held on December 2, 2003 (NAA Ex. H); the Final Judgment of the Circuit Court in the suit by the NAA against the Debtor entered March 19, 2004 (NAA Ex. I); the creation of the NAA by the Legislature Part C (NAA Ex. K); Document entitled Airport's compliance handbook (NAA Ex. L); the nonpublic aircraft fuels dispensing permit issued by the City of Naples Airport Authority (NAA Ex. M); and the leasehold agreement between the NAA and the Debtor (NAA Ex. N).

It is apparent from the foregoing that in the present instance, with possibly some exceptions, all of the exhibits are matters of public record and can be considered by the court. *See Frederick v. Southeastern Pennsylvania Transp. Authority,* 892 F.Supp. 122 (E.D.Pa.1995). However, in the present context, this Court is satisfied

that they are not relevant to consider the adequacy of the pleading, the complaint, which is the one and only issue before this Court at this time.

Having considered the pleadings of record, including consideration of the exhibits which are of public record and applying the general principles governing motions to dismiss, it is evident that in testing the viability of this pleading, the Second Amended Complaint, this Court is satisfied that it would be improper to grant the Motion to Dismiss or to treat it as a motion for summary judgment. For this reason, it is

ORDERED, ADJUDGED AND DE-CREED that the Motion to Dismiss Second Amended Complaint and Memorandum of Law in Support Thereof (Doc. No. 38) be, and the same is hereby, dismissed. It is further

ORDERED, ADJUDGED AND DE-CREED the NAA and other defendants shall have twenty (20) days from the date of the entry of this Order to file their answers to the Second Amended Complaint. It is further

ORDERED, ADJUDGED AND DE-CREED that if an answer is filed, this the matter shall be scheduled promptly for a pretrial conference for the purpose of considering any and all motions, including motions for summary judgment, with the proviso that they have been filed in time to be considered and have been properly noticed in compliance with the rules governing motions for summary judgment.

DONE AND ORDERED.