NOT FOR PUBLICATION

## UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: ) | BAP No.   CC-12-1359-KiPaD |
| ) | |
| KAREN MICHELE ROZIER, ) | Bk. No.   8:11-21727 |
| ) | |
| Debtor. ) | |
| _____ ) | |
| ) | |
| KAREN MICHELE ROZIER, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | **M E M O R A N D U M**[1] |
| ) | |
| U.S. BANK N.A., as Trustee, ) | |
| as successor in interest to ) | |
| Bank of America, N.A., as ) | |
| Trustee, successor by merger ) | |
| to LaSalle Bank, N.A., as ) | |
| Trustee for RAAC 2007 RP1, ) | |
| ) | |
| Appellee. ) | |
| _____ ) | |

Argued and Submitted on June 20, 2013,
at Pasadena, California

Filed – August 19, 2013

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Catherine E. Bauer, Bankruptcy Judge, Presiding

Appearances:   Karen Michele Rozier, appellant, argued pro se;
Bernard J. Kornberg, Esq. of Severson & Werson
argued for appellee, U.S. Bank, N.A.

Before: KIRSCHER, PAPPAS and DUNN, Bankruptcy Judges.

---

[1] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8013-1.

Appellant, chapter 7[2] debtor Karen Michele Rozier ("Rozier"), appeals an order from the bankruptcy court granting a motion for relief from stay filed by appellee, U.S. Bank N.A., as trustee, as successor in interest to Bank of America, N.A., as trustee, successor by merger to LaSalle Bank N.A., as trustee for RAAC 2007 RP1 ("U.S. Bank").  We AFFIRM.[3]

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

**A.   Prepetition events**

On December 23, 2005, Rozier obtained a $576,000 loan ("Loan") from WMC Mortgage Corporation ("WMC") for her principal residence located in Buena Park, California ("Property").  In exchange for the Loan, Rozier executed a promissory note and deed of trust ("DOT") encumbering the Property in favor of the lender.

---

[2] Unless specified otherwise, all chapter, code and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.

[3] Rozier filed a request for judicial notice on December 4, 2012, asking the Panel to take notice of four documents. (She also requested that we take judicial notice of the Stay Relief Order, but that is not necessary).  We GRANT the request in part and DENY it in part.

We DENY her request to take judicial notice of (1) the "Notice of Right to Cancel" dated February 24, 2006, (2) a complaint filed in state court, and (3) the "Public Service Information Form."  These documents are either irrelevant to the issues in this appeal or they were not before the bankruptcy court when it entered the Stay Relief Order.  See Santa Monica Food Not Bombs v. City of Santa Monica, 450 F.3d 1022, 1025 n.2 (9th Cir. 2006)(declining to take judicial notice of documents not relevant to resolution of the appeal); Oyama v. Sheehan (In re Sheehan), 253 F.3d 507, 512 n.5 (9th Cir. 2001)("Evidence that was not before the lower court will not generally be considered on appeal."); Kirschner v. Uniden Corp. of Am., 842 F.2d 1074, 1077-78 (9th Cir. 1988)(court is concerned only with the record before the trial court when it made its decision).  However, we GRANT her request as to the declaration from Mini Ali, the appraiser of the Property for U.S. Bank.  That document is relevant and was filed in support of the Stay Relief Motion.

The DOT named Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary, as nominee for WMC and its successors and assigns.

Rozier ultimately defaulted on the Loan, and a notice of default was recorded on March 4, 2008. It is not clear when the notice of sale was recorded, but a trustee's sale was scheduled for June 27, 2008. No sale occurred because Rozier filed her first chapter 13 bankruptcy case on June 25, 2008, thereby imposing the automatic stay. (See case no. 8:08-13583). Rozier was unable to confirm a plan, and the case was eventually dismissed on October 10, 2008.

In March 2011, MERS executed an assignment transferring all beneficial interests under the DOT to Bank of America. That assignment was recorded on March 9, 2011. In January 2012, Bank of America executed an assignment transferring all beneficial interests under the DOT to U.S. Bank. U.S. Bank's assignment was recorded on January 13, 2012.

**B.    The instant bankruptcy case and U.S. Bank's motion for relief from stay**[4]

Rozier, pro se, filed her second chapter 13 bankruptcy case on August 22, 2011. She listed the Property in her Schedule A as having a value of $800,000 with a secured claim of $0. She did not list any secured claims regarding the Property in her Schedule D, but her Schedule F identified a May 2006 note with WMC

_____

[4] We have exercised our discretion to independently review certain electronically filed documents in Rozier's bankruptcy case to develop a fuller understanding of the record. See O'Rourke v. Seaboard Sur. Co. (In re E.R. Fegert, Inc.), 887 F.2d 955, 957-58 (9th Cir. 1989); Atwood v. Chase Manhattan Mortg. Co. (In re Atwood), 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

-3-

in the amount of $576,000.[5]

Rozier was again unable to confirm a plan, and the case was converted to chapter 7 on February 16, 2012. James J. Joseph was appointed the chapter 7 trustee ("Trustee"). Due to the conversion, Rozier's pending objection to the proof of claim filed by GMAC Mortgage, LLC ("GMAC"), servicing agent for Bank of America (the lender for the Loan at the time), was rendered moot and taken off-calendar.

U.S. Bank filed a motion for relief from stay to proceed with its foreclosure rights on the Property on June 18, 2012. U.S. Bank contended that "cause" existed for relief under § 362(d)(1) due to Rozier's failure to pay, and that it was also entitled to relief under § 362(d)(2) because she lacked equity in the Property and it was not necessary to an effective reorganization ("Stay Relief Motion"). In support, U.S. Bank submitted the declaration of Joseph Lyons ("Lyons"), employee of GMAC, servicing agent for U.S. Bank, and copies of the original promissory note, the DOT, the assignments, and a broker's appraisal valuing the Property at $375,000. According to Lyons, Rozier had failed to make payments on the Loan for fifty-four months, which totaled $230,802.86. Therefore, based on

---

[5] For reasons not entirely clear on the record, Rozier and WMC executed a modified promissory note in May 2006 with respect to the Property, which appears to be the basis for Rozier's overall complaints. As we explain more thoroughly below, and despite Rozier's beliefs to the contrary, the 2006 note had no bearing as to U.S. Bank's motion for relief from stay and has no bearing in this appeal. Rozier's complaints regarding the Loan, the 2006 note, and her claims for quiet title and other related claims, are matters for the state court. Indeed, Rozier confirmed at oral argument that she is currently pursuing her claims against U.S. Bank in state court.

-4-

U.S. Bank's claim for $574,669.63, the Property's appraised value of $375,000, and the costs of sale estimated at $30,000, U.S. Bank contended that its interest in the Property was not adequately protected with a negative equity of ($199,669.93).

A hearing on the Stay Relief Motion was set for July 10, 2012. Oppositions were due by June 26, 2012. U.S. Bank's notice warned that failure to file a timely written response could waive a party's right to oppose the Stay Relief Motion, and the court could grant the requested relief. Trustee and Rozier were properly served.

Rozier, pro se, filed an untimely 98-page opposition to the Stay Relief Motion on July 5, 2012, which she has included only in part in the record. In short, Rozier contended that U.S. Bank was not the actual holder or current assignee of the note, was not the real party in interest, and lacked standing to bring the motion. Specifically, Rozier contended that U.S. Bank had failed to prove that it was the real party in interest because: (1) U.S. Bank had not filed a proof of claim in her chapter 7 case; (2) WMC never executed an assignment to another entity; (3) MERS was not recognized in California; and (4) the DOT was void because the original note had been rescinded in 2006. Rozier further alleged that Lyons had lied under oath and that the documents filed in support of the Stay Relief Motion were fraudulent. Rozier valued the Property at $800,000, which was based on a 2005 appraisal she attached only in part and is missing the page(s) showing the $800,000 (or any other) value. Trustee did not oppose the Stay Relief Motion.

At the hearing on July 10, 2012, counsel for U.S. Bank and

counsel for Rozier, Robert Chen ("Chen"), appeared.[6] Rozier also appeared. The bankruptcy court started off by noting that no opposition had been filed. Chen informed the court that Rozier's opposition had been filed on July 5th. The bankruptcy court then reviewed the document on ECF. U.S. Bank contended that it was entitled to relief because its debt was unsecured to the extent of $200,000 and Rozier had failed to make fifty-four payments on the Loan. Rozier informed the court that the issues between her and the various lenders were pending in state court. She did not deny the fifty-four delinquent payments. She also admitted to not paying taxes on the Property since March 2008, but stated that she had recently started working with the tax authorities to resolve the issue.

After considering U.S. Bank's moving papers, Rozier's untimely opposition, and the parties' oral arguments, the bankruptcy court granted U.S. Bank relief from stay:

> COURT: Okay. I'm going to grant relief from stay. You can go back to state court and deal with it. These are state court issues. They're not bankruptcy issues. Ma'am, I'm going to grant relief from stay. You're going to need to go back to state court on these issues. These are not bankruptcy issues. They're state court issues.
>
> CHEN: Your Honor, will you please not waive the 14 days?
>
> COURT: No, I'm waiving the 14 day stay. This woman hasn't paid in years. You can go back to state court. . . . .
>
> ROZIER: Even though there's equity in the property?
>
> COURT: Yeah, you haven't paid. That's cause right there. You haven't paid in 54 months. That's cause.

---

[6] Rozier has alleged that she does not know Mr. Chen (who remains nameless in her brief as an "unknown stranger") and that she never authorized him to represent her. Notably, she voiced no objections to his appearance at the hearing.

Hr'g Tr. (July 10, 2012) 4:16-5:6.

The bankruptcy court entered an order granting the Stay Relief Motion under § 362(d)(1) and (d)(2) on July 30, 2012 ("Stay Relief Order"), thereby rendering Rozier's premature notice of appeal timely per Rule 8002(a). The motions panel denied Rozier's emergency motion for stay pending appeal on October 19, 2012, because, as a chapter 7 debtor, she could not show a likelihood of success on the merits as she had no possibility of restructuring the debt on the Property in her bankruptcy case.

## II. JURISDICTION

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(G). We have jurisdiction under 28 U.S.C. § 158.

## III. ISSUES

Did the bankruptcy court abuse its discretion when it entered the Stay Relief Order?

## IV. STANDARDS OF REVIEW

Standing is a legal issue reviewed de novo. Mayfield v. United States, 599 F.3d 964, 970 (9th Cir. 2010); Veal v. Am. Home Mortg. Servicing, Inc. (In re Veal), 450 B.R. 897, 906 (9th Cir. BAP 2011).

The bankruptcy court's decision to grant a motion for relief from stay is reviewed for an abuse of discretion. Gruntz v. Cnty. of L.A. (In re Gruntz), 202 F.3d 1074, 1084 n.9 (9th Cir. 2000); In re Veal, 450 B.R. at 915. A bankruptcy court abuses its discretion if it applied the wrong legal standard or its findings were illogical, implausible or without support in the record. TrafficSchool.com, Inc. v. Edriver Inc., 653 F.3d 820, 832 (9th

-7-

Cir. 2011).

## V. DISCUSSION

**The bankruptcy court did not abuse its discretion when it entered the Stay Relief Order.**

The only order appealed, and relevant matter before us, is the Stay Relief Order.[7] Rozier contends that the bankruptcy court erred in entering the Stay Relief Order because U.S. Bank did not establish that it was the real party in interest to seek relief from stay against the Property. Specifically, she contends that U.S. Bank failed to establish standing because it did not file a proof of claim in her case, or show that it had any interest in the 2006 note.

Secured creditors such as U.S. Bank are not required to file proofs of claim in chapter 7 cases in order to preserve their security interests or liens; such interests pass through the bankruptcy unaffected despite the absence of a proof of claim. § 501(a); Rule 3002(a); <u>Dewsnup v. Timm</u>, 502 U.S. 410, 418 (1992); <u>Long v. Bullard</u>, 117 U.S. 617, 620-21 (1886); <u>Brawders v. Cnty. of Ventura (In re Brawders)</u>, 503 F.3d 856, 872 (9th Cir. 2007). Rozier's attempt to turn U.S. Bank's secured lien into an unsecured one by scheduling it as unsecured and "disputed" in her Schedule F was ineffective.

As for her standing argument, it too lacks merit. Motions for relief from stay are contested matters under Rule 9014. Rule 9014(c) provides that Rule 7017, which in turn incorporates

---

[7] Rozier has not yet received a discharge, her chapter 7 case is still open, and the Property has not been sold. Therefore, this appeal is not moot.

-8-

Civil Rule 17(a), is applicable to contested matters. Civil Rule 17(a)(1) provides that "[a]n action must be prosecuted in the name of the real party in interest . . . ." Thus, to satisfy the requirements of prudential standing and Civil Rule 17(a)(1), "the action must be brought by the person who, according to the governing substantive law, is entitled to enforce the right." 6A Wright, Miller, Kane & Marcus, FED. PRAC. & CIV. PROC. ¶ 1543 (3d ed. 2011); In re Veal, 450 B.R. at 908.[8] Simply put, the party moving for relief from the automatic stay must be the "real party in interest."

Under § 362(d), a "party in interest" can request relief from the automatic stay. Section 362(d)(1) authorizes relief from stay "for cause, including the lack of adequate protection of an interest in property of such party in interest." Whether a moving party is a "party in interest" under § 362(d) is determined on a case-by-case basis, taking into account both the claimed interest and how that interest is affected by the automatic stay. In re Veal, 450 B.R. at 913; Kronemyer v. Am. Contractors Indem. Co. (In re Kronemyer), 405 B.R. 915, 919 (9th Cir. BAP 2009). A "party in interest" can include any party that has a pecuniary interest in the matter, that has a practical stake in the resolution of the matter, or that is impacted by the automatic stay. Brown v. Sobczak (In re Sobczak), 369 B.R. 512, 517-18 (9th Cir. BAP 2007).

---

[8] Constitutional standing is satisfied because U.S. Bank established the minimum requirements of injury in fact, causation, and redressability. The automatic stay's prohibition on U.S. Bank's right to exercise its alleged nonbankruptcy rights could be redressed by obtaining relief from stay. See In re Veal, 450 B.R. at 906.

"A proceeding to determine eligibility for relief from a stay only determines whether a creditor should be released from the stay in order to argue the merits in a separate proceeding." Arkison v. Griffin (In re Griffin), 719 F.3d 1126, 1128 (9th Cir. 2013). "Given the limited nature of . . . this proceeding and because final adjudication on the parties' rights and liabilities is yet to occur, a party . . . need only establish . . . a colorable claim to the property . . . ." Id. See In re Veal, 450 B.R. at 913 (holding same and citing First Fed. Bank of Cal. v. Robbins (In re Robbins), 310 B.R. 626, 631 (9th Cir. BAP 2004)); and Biggs v. Stovin (In re Lux Int'l, Ltd.), 219 B.R. 837, 842 (9th Cir. BAP 1998) (an adjudication of the claims, defenses or counterclaims is not involved; only a determination of a colorable claim is made).

Veal recognized that a movant has a colorable claim under § 362 if it either: (1) owns or has another form of property interest in a note secured by the debtor's (or the estate's) property; or (2) is a "person entitled to enforce such a note under applicable state law." 450 B.R. at 910. In Veal, the Panel determined that the mortgagee had failed to establish its standing to obtain relief from stay because it could not show that it possessed the note, or that it had an interest in the note. Id. at 918. Veal, however, is distinguishable from the instant case because Veal was applying Illinois law, which follows the common law rule under the Uniform Commercial Code ("UCC") that a mortgagee must hold the note to foreclose. Id. at 916. Likewise, under the common law rule, an assignment of a mortgage without the

note is a nullity. <u>Id.</u> In this case, California law applies,[9] which has altered the common law rule by statute.

California has enacted nonjudicial foreclosure statutes that have changed the common law rule. <u>Id.</u> at 916-17 & n.34. California's nonjudicial foreclosure statutes are governed by CAL. CIV. CODE ("CCC") §§ 2924 through 2924k, which are exhaustive. California law does not require that the party initiating foreclosure be in possession of the note. <u>Debrunner v. Deutsche Bank Nat'l Trust Co.</u>, 204 Cal.App.4th 433, 440 (2012)(collecting cases); <u>Lane v. Vitek Real Estate Indus. Grp.</u>, 713 F.Supp.2d 1092, 1099 (E.D. Cal. 2010)("There is no stated requirement in California's non-judicial foreclosure scheme that requires a beneficial interest in the Note to foreclose. Rather, [CCC § 2924(a)(1)] broadly allows a trustee, mortgagee, beneficiary, or any of their agents to initiate non-judicial foreclosure. Accordingly, the statute does not require a beneficial interest in both the Note and the Deed of Trust to commence a non-judicial foreclosure sale.").

Therefore, in California, a party with a nonbankruptcy right to commence foreclosure proceedings may have prudential standing - i.e., a colorable claim to the property - to prosecute a motion for relief from stay. By establishing its interest in the DOT, U.S. Bank did not have to show that it held the original note or

[9] The DOT, the security instrument at issue, contains a choice of law provision, which states that it shall be governed by federal law "and the law of the jurisdiction in which the Property is located." Here, that would be California. As the Panel held in <u>Veal</u>, the forum state's choice of law rules determine which state's substantive law applies. 450 B.R. at 916 n.32. In California, generally deeds of trust as opposed to mortgages are used as the security instrument for the note.

-11-

the 2006 note, or an interest in either of those notes, or to produce the actual note(s) to establish its standing to prosecute the Stay Relief Motion. Given that U.S. Bank could commence foreclosure of the Property without either of the notes, it certainly would not need to possess or show any interest in them in the lesser action of establishing a colorable claim entitling it to relief from stay.

We conclude, on this record, that U.S. Bank demonstrated that it had a colorable claim to the Property. In support of the Stay Relief Motion, U.S. Bank offered the Lyons declaration. Lyons stated that GMAC was the authorized loan servicing agent for U.S. Bank and that the DOT had been assigned to U.S. Bank. Attached was a copy of the original note, the DOT, and two recorded assignments - the assignment of WMC's beneficial interest in the DOT to Bank of America, and the assignment of the DOT from Bank of America to U.S. Bank. As the beneficiary under the DOT, U.S. Bank may initiate the foreclosure process against the Property. See CCC § 2924(a)(1); Debrunner, 204 Cal.App.4th at 440. Accordingly, these foreclosure rights give U.S. Bank a colorable claim in the Property, and therefore it has standing to prosecute the Stay Relief Motion.

While Rozier's arguments on appeal do not appear to extend beyond challenging U.S. Bank's standing, the bankruptcy court found that "cause" existed under § 362(d)(1) to grant relief from stay. "Cause" has no clear definition and is determined on a case-by-case basis. Mac Donald v. Mac Donald (In re Mac Donald), 755 F.2d 715, 717 (9th Cir. 1985); In re Kronemyer, 405 B.R. at 921. Once a party seeking relief establishes a prima facie case

-12-

that cause exists for relief under § 362(d)(1), the burden shifts to the debtor to show that relief from the stay is not warranted. USA v. Gould (In re Gould), 401 B.R. 415, 426 (9th Cir. BAP 2009).

The record supports the bankruptcy court's finding that "cause" existed to terminate the automatic stay and allow U.S. Bank to exercise its foreclosure remedies against the Property. U.S. Bank established its standing and a colorable claim to the Property. It further established that Rozier had failed to tender fifty-four payments owing on the Loan, a fact she did not seem to dispute at the hearing, and that its debt was unsecured by $200,000. A chapter 7 debtor's failure to make monthly payments to a secured creditor can constitute "cause" for granting relief from the automatic stay. In re Bushee, 319 B.R. 542, 552 (Bankr. E.D. Tenn. 2004)(citing Price v. Del. State Police Fed. Credit Union (In re Price), 370 F.3d 362, 373 (3d Cir. 2004)("A persistent failure to make monthly payments under loan documents can constitute cause for granting relief from the automatic stay.")). See also In re Vicente, 446 B.R. 26, 32 (Bankr. D. Mass. 2011) (chapter 7 debtor's failure to make thirty-five mortgage payments constituted cause to terminate the automatic stay under § 362(d)(1)). Rozier also conceded that she had not paid taxes on the Property since 2008. Finally, the issues Rozier would like to resolve against U.S. Bank with respect to the Loan, which are strictly state law issues, are pending in state court. For these reasons, Rozier did not meet her burden to show that relief from stay was not warranted.

Accordingly, the bankruptcy court did not abuse its discretion in entering the Stay Relief Order, and we AFFIRM.

-13-

Because the record establishes that U.S. Bank was entitled to relief for "cause" under § 362(d)(1), we need not review the bankruptcy court's decision to also grant relief under § 362(d)(2).

**VI. CONCLUSION**

We AFFIRM.